*T.* and *C. Gazlay*, for the appellant.

*H. A. Mayhew*, for the state.

May Term, 1856.

SPAULDING
v.
HARVEY.

--------•◦•-------

Spaulding *v.* Harvey and Another.

That which is material to be alleged in pleading must be proved.

In an action under article 37, 2 R. S. 1852, p. 183, the complaint must allege the particulars of the claim, the amount due, and a demand and refusal to satisfy the debt due or damages done.

A denial, in general terms, in an answer, of all the material allegations of the complaint, puts the plaintiff, under the R. S. 1852, to the proof of every material allegation.

APPEAL from the *Vanderburgh* Circuit Court.

STUART, J.—Attachment by *Harvey* and *Taylor* against the steamer *James Raymond*, to recover damages for sinking a wharf-boat. *Spaulding*, the master of the steamer, gave security in conformity to the statute, and the vessel was released. The suit then proceeded as *Harvey* and *Taylor* against *Spaulding*. On the trial of the issues joined, there was a verdict for the plaintiffs for 1,000 dollars. Motion for a new trial overruled, and judgment on the verdict. *Spaulding* appeals.

To a proper understanding of the point presented, a brief statement of the pleadings will be necessary.

The substance of the complaint is, that the plaintiffs were the owners of a wharf-boat, of the value of 1,000

*Tuesday,*
*May 27.*

May Term,
1856.

SPAULDING
v.
HARVEY.

dollars, lying at the wharf at *Evansville;* that the steamer *James Raymond*, having in tow the *Floating Palace*, containing *Van Amburg's* menagerie, attempted to land at the wharf; that in so doing, these vessels, the *Raymond* and *Floating Palace*, were so carelessly and negligently managed, that they came in collision with the wharf-boat, and broke, sunk and destroyed it. The damages are laid at 1,000 dollars.

There is also the proper averment of demand made upon the owner for payment, &c., and refusal. This averment is stated thus distinctly, because it becomes the pivot of the only question involved in the case.

The proceedings were had under article 37, 2 R. S., p. 183. The affidavit is made to answer all the offices both of an affidavit and complaint. This course is seemingly sanctioned by the 658th section of that article. We therefore make no question upon that point.

Having released the vessels and become himself defendant, *Spaulding* answers, 1. That "he denies all the allegations contained in the plaintiff's complaint." The second and third paragraphs of the answer are not material to the question before us.

It is admitted that there was no evidence of demand and refusal.

The only question, therefore, is, was the plaintiff, in this state of the pleadings and evidence, entitled to recover?

On the one side, it is contended that as the allegation of demand and refusal was material, and denied in the answer, the plaintiffs could not recover without such proof. On the other, it is insisted that the general denial above quoted, is not such denial as the statute contemplates, not being a denial of each material allegation; and, hence, that no proof of demand and refusal was necessary, those being virtually admitted on the record.

The same question is also presented on the instructions. The defendant requested the Court to instruct the jury, that without proof of a demand and refusal, the plaintiff could not recover; which was refused, and *Spaulding* excepted.

It is not without difficulty that we can say, at this stage of the proceedings, whether the answer is or is not sufficient; or how far the failure of the plaintiffs to demur to it may be a waiver of the objection. 2 R. S., p. 42.

As, however, the same question is presented on the instructions, that point is not pressed.

It is not doubted but that on general principles of pleading and evidence, whatever is material to be alleged must be proved. That the allegations and proof must correspond, is among the most familiar maxims of the common law, and needs no authority.

Passing over the affidavit, in its offices of procuring the writ, &c., it must, as a complaint, under the statute, show—

1. The particulars of the claim.

2. The amount due.

3. A demand on the owner, and a refusal to satisfy the debt due or damages done. 2 R. S., p. 184.

These several particulars are all placed on the same level, and are all clearly material to be alleged.

The failure to prove such demand, &c., was therefore fatal to the plaintiffs' recovery, unless the form of the answer operated as an admission, and thus, under section 74, 2 R. S., p. 44, waived such proof.

We come, then, to the main question, should the demand and refusal be specifically controverted by the answer, or is a general denial sufficient?

The new practice act contains several provisions touching this point, which it becomes our duty to examine, and endeavor to reconcile, if, as alleged, they be found to conflict.

Under the title "answer," it is provided that "the answer shall contain a denial of each allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief." 1st clause, s. 56, 2 R. S., p. 39. It is elsewhere provided that every material allegation of the complaint, not specifically controverted by the answer, shall, for the purposes of the action, be taken as true. Section 74, 2 R. S., p. 44. And, again, that all defences, except the mere denial of the

facts alleged by the plaintiff, shall be specifically pleaded. Section 66, 2 R. S., p. 42. Further, that the construction of all statutes of this state, shall be by taking words and phrases in their plain, ordinary and usual sense, unless such construction be plainly repugnant to the intent of the legislature, or of the context of the same statute. 2 R. S., p. 339. And, further, that the provisions of the practice act shall be liberally construed, and shall not be limited by any rules of strict construction. *Id.*, p. 223.

There is great plausibility in the argument that the words "each," "every," "specifically," as used in the statutes quoted, require a distinct and separate answer to each allegation. This is certainly the plain and usual sense of those words. *Every* allegation means clearly *each* allegation, specifically and separately considered. And this is strengthened by the further requirement of the 56th section, *supra*, that each allegation should not only be denied, but that the defendant should deny having any knowledge or information sufficient to form a belief about the particular allegation denied. That a general denial may be broad enough to cover all that could be accomplished by a separate denial of each allegation, may be admitted. But that is not the question here. The point is, will a general denial of several allegations be sufficient, where the legislature requires each and every allegation to be denied specifically?

That there is a clear distinction between a general denial of several allegations collectively, and a denial of each one particularly, is well settled. The distinction obtained, and was constantly recognized, in the old chancery practice. When the complainant framed his bill with interrogatories, a general denial, however broad and explicit, was held insufficient; and that, too, though the interrogatories were, as they must have been, based upon allegations in the bill. It was required that each interrogatory should receive a separate answer, with some such particularity as to the knowledge and information of the party as this statute contemplates. This was the law at the time the practice act was passed; and it may be safely

presumed that the revisers had this in view at the time. McIntire v. The State, 5 Blackf. 384. In abolishing the distinction between law and chancery, they may have deemed it prudent to retain and blend in the new practice, such features of both law and chancery as seemed to them most conducive to a speedy and complete administration of justice. Accordingly, such blendings of provisions, taken from both systems, are constantly recurring throughout the revised practice: such as the mode of adducing evidence, the parties to actions, the relief to be administered, &c.

In this light, it is not clear but that it was the intention of the legislature that each material allegation of the complaint should be specifically and separately denied, if intended to be controverted. Nor does the 66th section, 2 R. S., above quoted, and confidently relied on by the appellant in favor of a general denial, conflict with this view. For it does not appear by that section but that the mere denial of the facts there spoken of might as well be a special as a general denial.

It is conceded in argument by the appellant that though a general denial be sufficient in the answer, it is not sufficient in the reply; that to put the defendant upon the proof of new matter set up in his answer, such new matter must be specially traversed. But this is a concession of the very point in controversy. For the requisites of a denial in the reply, are almost in the words, and in effect identical with those of the answer, viz., the plaintiff "denying each allegation of the answer controverted by him, or any knowledge or information thereof sufficient to form a belief." Section 67, 2 R. S., p. 42.

Had this part of the practice act been original with the revisers, the Court would have felt at liberty to give a wider latitude to construction. But when we trace it to the source whence they obtained it, the intention of the revisers, and of the legislature (which fearing to mar the work by amendments, adopted the revision almost bodily) seems to be clearly indicated.

The first report made by the commissioners on "prac-

*Margin note:*
May Term, 1856.

SPAULDING
v.
HARVEY.

tice and pleadings," to the legislature of *New-York*, in *February*, 1848, contains the substance of our practice act on the subject under consideration, in almost the same words; sufficiently near to show whence ours was derived, viz.: "The answer of the defendant shall contain, in respect to each allegation of the complaint controverted by the defendant, a specific denial thereof, or of any knowledge thereof sufficient to form a belief." Code of Procedure of 1848, p. 150.

That it was the intention of the *New-York* commissioners to compel an answer to each allegation, as distinguished from a general answer or denial, is not to be doubted. For, in their notes to this and the subsequent provisions, the commissioners say, "The reply is introduced, in order to give the defendant the benefit of having the allegations which the plaintiff does not deny, taken as true, in the same manner as those of the complaint not denied in the answer." And they further suggest as a remedy for the chancery practice, which is here substantially adopted, that if the parties were compelled to specify the particulars controverted, it would narrow the issue, and save much testimony. *Id.*, p. 151.

In the code of 1849, this section was amended to read— "The answer shall contain in respect to each allegation of the complaint controverted by the defendant, a *general or specific* denial thereof, or a denial thereof according to his information and belief, and of any knowledge thereof sufficient to form a belief."

In the code of 1851, it was again amended thus : "The answer shall contain a specific denial," &c. In the code of 1852, it was again amended to read—"The answer shall contain a *general or specific denial* of each material allegation," &c. In 1852, also, a corresponding amendment was made in the *New-York* practice, in relation to the reply, thus: "The plaintiff may reply, denying generally or specially each allegation controverted by him," &c. Code of 1852, pp. 158, 169. Thus the *New-York* practice of 1848, and as amended in 1851, required a *specific* denial; and the Courts of that state accordingly held, that

an answer alleging in general terms that the defendant denied each and every allegation in the complaint, was insufficient. *Seward* v. *Miller*, 6 Prac. R. 312. The language of the *New-York* codes of 1848 and 1851, is substantially that of our revision of 1852. The answer in the case just referred to, in 6 Practice Reports, is broader than that at bar; yet it was held insufficient. Having adopted the *New-York* codes of 1848 and 1851, it would seem that we had also adopted with them the construction given to these codes in their Courts. *Langdon* v. *Applegate*, 5 Ind. R. 327.

Under the alterations effected by the codes of 1849 and 1852, a different rule prevailed in the *New-York* Courts. 3 Code R. 39.—14 Barb. R. 533.

It is proper to observe that for a time under the *New-York* codes, the pleadings were required to be verified by the oath of the party. That provision was also adopted by the revisers in this state; and promptly stricken out by the legislature, as soon as reported, though some allusions to it yet remain to show that it once was there. Section 75, 2 R. S., p. 44.—Section 785, 2 R. S., p. 205.

This, in our opinion, is a sufficient explanation of the specific character of the language used in our code. We retained the language and struck out the verification. To require a pleading, which is not to be verified, to deny each and every allegation specifically, according to the information and belief of the party, would be to require an idle ceremony. Nothing could be gained by it which would not be equally well accomplished by the general denial. For whenever the party chose to put his adversary to the proof of each material fact, he had only to deny in the specific formula. This would incumber the pleadings to no purpose. When the verification was abolished, the reason for this mode of pleading ceased also, and the rule of construction applied in *New-York* ceased with it.

Hence, in a well considered case in this Court, we paid no regard and attached no weight to the *New-York* authorities, at best but *nisi prius* decisions. *Johnson* v. *Stebbins*,

May Term,
1856.

5 Ind. R. 364. We are still satisfied with that decision, viz., that a general denial, like that at bar, is sufficient to put the plaintiff to the proof of every material allegation. We have not taken pains to examine the course of late decisions in *New-York* on this question, as in the view we have taken, it is immaterial.

The allegation of demand and refusal being, in this instance, material, should have been proved. The instruction that such proof was not necessary, was therefore erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Baker*, for the appellant.

*J. G. Jones* and *J. E. Blythe*, for the appellees.