**Erma HILL and William Hill, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 45S03–8602–CR–156.

Supreme Court of Indiana.

Feb. 13, 1986.

Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellants Erma Hill and William Hill were found guilty by the trial court of selling fireworks illegally, Ind. Code § 22–11–14–8 and § 22–11–14–6, a Class A misdemeanor, based on a stipulation of facts. They were fined $250 plus court costs.

By a divided vote, the Court of Appeals concluded that Ind. Code § 22–11–14–4 permitted the sale and reversed the convictions. *Hill v. State* (1985), Ind.App., 482

N.E.2d 492. We grant transfer and affirm the trial court.

The stipulation of facts states that on June 29, 1984, one George Oakley of Illinois entered the New-Line Fireworks Company store in Cedar Lake, Indiana, and purchased fireworks. Some of the items he purchased were included in the list of fireworks which Ind. Code § 22–11–14–8 permits to be sold at retail within the state. He also purchased items which are not permitted to be sold at retail. William Hill was working as a salesman and showed Oakley around the sales floor. Erma Hill asked Oakley to show his drivers license as proof that he was from Illinois and asked him to sign a statement (printed in red, white, and blue, with rockets and American flags) to the effect that he was a resident of Illinois and was "going to immediately ship all Indiana illegal fireworks directly out of the state of Indiana or have or will acquire any necessary permits required by law."

It is this last act which the Hills argue made their sale legal rather than illegal. Admitting that the statute provides a list of fireworks which can be sold legally at retail and makes the sale of all other fireworks a Class A misdemeanor, appellants argue that their sale is excepted by virtue of Ind. Code § 22–11–14–4, which reads:

> Nothing in this act shall be construed to prohibit any resident wholesaler, dealer, or jobber to sell at wholesale such fireworks as are not herein prohibited; *or the sale of any kind of fireworks provided the same are to be shipped directly out of state;* or the use of fireworks by railroads or other transportation agencies for signal purposes or illumination, or the sale or use of blank cartridges for a show or theater, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations. (Emphasis supplied.)

Counsel points out that this section is structured as a series, each ending with a semicolon, followed by the word "or" as an introduction to the next exception on the list. The common understanding of such a series of phrases is that each stands on its own as a separate exception. Under this reading, he argues, the Hills engaged in a "sale of any kind of fireworks provided the same are to be shipped directly out of state" and thus did not violate the law.

The State's position has been that Ind. Code § 22–11–14–4 was intended to exempt wholesale transactions for shipping out of state. Responding to this argument, defense counsel interrupted the prosecutor five times during final argument in the trial court to insist that the sale to Oakley was a retail sale. The prosecutor provided the trial judge with copies of minutes from the town planning commission indicating that the operator of New-Line Fireworks, which was on land zoned for wholesale operations, represented that fireworks were not stored on the premises and were delivered to customers "through the mail or by a truck." When a party cannot keep his own story straight, it requires additional concentration to treat his arguments seriously.

While it is true that the common meaning given the punctuation used in Ind. Code § 22–11–14–4 would suggest that an exemption exists for fireworks sold wholesale or retail for shipment out of state, we are not obligated to engage in a debate on the significance of semicolons and disjunctives when doing so renders the statute absurd or produces a result repugnant to the apparent intent of the legislature. *Spaulding v. Harvey* (1856), 7 Ind. 429.

The framework provided by the General Assembly seems plain enough. It manifests a desire to reduce the number of children and adults burned or injured by fireworks. The legislature has determined that certain fireworks are safe for retailing to the general public and that others are not. Dealers are allowed to sell all fireworks at wholesale and all fireworks may be shipped out of state. Appellants see in this scheme the proverbial loophole: the customer walks in the store, signs a statement that he intends to ship all illegal fireworks out of state, buys individual items, and drives away. Although Oakley

was asked to show his drivers license to show that he was not an Indiana resident, if we accept the Hills' argument that they are exempted because the fireworks were to be "shipped directly out of state", the residence of the purchaser would be of little moment.

We conclude that reading the phrase "shipped directly out of state" as an exception to the rule that only certain listed fireworks can be sold at retail required that the term "shipped" be read to mean a method of delivery which does not result in the product being placed in general distribution within the state. It means that jobbers may sell crates of fireworks and ship them to Illinois; it does not mean that fireworks salesmen can have their customers sign a form and then hand them a paper bag of cherry bombs.

This loophole is closed. The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVAR-NIK and DICKSON, JJ. concur.