STATE of Indiana, Appellant–
Plaintiff Below,

v.

WINDY CITY FIREWORKS, INC.,
Appellee–Defendant Below.

No. 25A03–9205–CR–162.

Court of Appeals of Indiana,
Third District.

Sept. 28, 1992.

Linley E. Pearson, Atty. Gen., Richard A. Brown, Pros. Atty., Rochester, for appellant.

Alan D. Burke, Rosemary Higgins Burke, Burke Law Office, Rochester, John H. Brooke, McClellan, McClellan, Brooke & Arnold, Muncie, for amicus curiae Ind. Fireworks Dealers Ass'n.

STATON, Judge.

The State of Indiana brings an appeal pursuant to IND.CODE 35–38–4–2(4) following the acquittal of Windy City Fireworks, Inc. upon seven of eight counts for

Unlawful Retail Sale of Fireworks.[1] The State presents two (restated) issues for our review:

I. Whether a resident fireworks wholesaler may, pursuant to IND.CODE 22–11–14–4, lawfully sell at retail fireworks not approved for retail sale in Indiana upon the purchaser's execution of a statement that the fireworks will be shipped out of state.

II. Whether Final Instruction 9 was erroneous.

We conclude that I.C. 22–11–14–4 does not permit retail sales to members of the general public of fireworks other than those listed in I.C. 22–11–14–8.

Windy City Fireworks, Inc. ("Windy City") is a licensed wholesale fireworks dealer located in Rochester, Indiana. Between the dates of June 24 and July 2, 1991, five individuals acting at the request of the Rochester Police Department purchased fireworks from Windy City.

Each of the eight subject transactions involved the sale of fireworks unapproved for retail sale in Indiana.[2] With one exception, each purchase was accompanied by the purchaser's execution of a statement indicating that the fireworks were for use and distribution outside the state of Indiana.[3] On July 2, 1991, Gary Calvert purchased unapproved fireworks but did not sign an accompanying statement. This transaction formed the basis for Windy City's sole conviction.

## I.

### *Written Assurance Pursuant to I.C. 22–11–14–4(b)*

The State contends that retail sales of fireworks are exclusively governed by I.C. 22–11–14–8 and that wholesale sales of fireworks are exclusively governed by I.C. 22–11–14–4. Thus, the State argues, I.C. 22–11–14–4(b) should not be construed to permit retail sales of unapproved fireworks to members of the general public upon the purchaser's execution of a statement of intent to ship the fireworks out of state. The State relies upon the statutory interpretation of I.C. 22–11–14–4 embodied in *Hill v. State* (1986), Ind., 488 N.E.2d 709.

Erma Hill sold fireworks which were unapproved for retail sale in Indiana to one George Oakley. Oakley, an Illinois resident, signed a statement indicating that he would "immediately ship all Indiana illegal fireworks directly out of the state of Indiana or have or acquire any necessary permits required by law." *Hill, supra*, at 710. At the time of the subject transaction, I.C. 22–11–14–4 provided:

"Nothing in this act shall be construed to prohibit any resident wholesaler, dealer, or jobber to sell at wholesale such fireworks as are not herein prohibited; or the sale of any kind of fireworks provided the same are to be shipped directly out of state; or the use of fireworks by railroads or other transportation agencies for signal purposes or illumination, or the sale or use of blank cartridges for a show or theater, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations."

The Indiana Supreme Court affirmed Hill's conviction of selling fireworks illegally, concluding that I.C. 22–11–14–4 did not create an exception to I.C. 22–11–14–8 or I.C. 22–11–14–6. *Id.* at 710.

Windy City argues that I.C. 22–11–14–4 has undergone substantial legislative changes since the *Hill* decision; thus, *Hill* is no longer applicable.[4] Windy City contends that substantive changes are evidenced by the provision for a written assurance and the potential imposition of criminal penalties upon the purchaser.

1. IND.CODE 22–11–14–8.

2. *See* I.C. 22–11–14–8.

3. Each customer executed a statement of intent representing himself or herself as an individual consumer, rather than as a wholesaler or agent of a wholesaler.

4. Windy City relies upon this court's decision in *State v. King* (1987), Ind.App., 502 N.E.2d 1366.

The State appealed the dismissal of an information alleging that King unlawfully sold at retail prohibited fireworks. This court reversed the dismissal of the information but, in dicta, stated: "[T]he submitted affidavits by Supplier, on their face, *appear* to present a statutory exception to IC 22–11–14–8[.]" *Id.* at 1370 (emphasis added).

I.C. 22–11–14–8, entitled "Fireworks for sale at retail; limitations" provides:

"A person shall not sell at retail, or offer for sale at retail, any fireworks, novelties, or trick noisemakers other than the following:

(1) Dipped sticks or wire sparklers. However, total pyrotechnic composition may not exceed one hundred (100) grams per item. Devices containing chlorate or perchlorate salts may not exceed five (5) grams in total composition per item.

(2) Cylindrical fountains.

(3) Cone fountains.

(4) Illuminating torches.

(5) Wheels.

(6) Ground spinners.

(7) Flitter sparklers.

(8) Snakes or glow worms.

(9) Smoke devices.

(10) Trick noisemakers, which include:

  (A) Party poppers.

  (B) Booby traps.

  (C) Snappers.

  (D) Trick matches.

  (E) Cigarette loads.

  (F) Auto burglar alarms."

I.C. 22–11–14–4, entitled "Wholesale sales; exports; signal or ceremonial purposes" provides:

"Sec. 4. (a) Nothing in this chapter shall be construed to prohibit:

(1) any resident wholesaler, manufacturer, importer, or distributor from selling:

  (A) at wholesale fireworks not prohibited by this chapter; or

  (B) fireworks not approved for sale in Indiana if they are to be shipped directly out of state within five (5) days of the date of sale;

(2) the use of fireworks by railroads or other transportation agencies for signal purposes or illumination;

(3) the sale or use of blank cartridges for:

  (A) a show or theater;

  (B) signal or ceremonial purposes in athletics or sports; or

  (C) for use by military organizations;

(4) the intrastate sale of fireworks not approved for sale in Indiana between interstate wholesalers; or

(5) the possession, sale, or disposal of fireworks, incidental to the public display of Class B fireworks, by wholesalers or other persons who possess a permit to possess, store, and sell Class B explosives from the Bureau of Alcohol, Tobacco and Firearms, United States Department of the Treasury.

(b) For the purposes of this section, a resident wholesaler, importer, or distributor, is a person who:

(1) is a resident of Indiana;

(2) possesses for resale common fireworks approved or not approved for sale in Indiana;

(3) is engaged in the interstate sale of common fireworks described in subdivision (2) as an essential part of a business that is located in a permanent structure and is open at least six (6) months each year;

(4) sells common fireworks described in subdivision (2) only to purchasers who provide a written and signed assurance that the fireworks are to be shipped out of Indiana within five (5) days of the date of sale; and

(5) has possession of a certificate of compliance issued by the state fire marshal under section 5 of this chapter.

(c) A purchaser may not provide a written and signed assurance that the fireworks purchased are to be shipped out of Indiana and then sell or use them in Indiana."

Windy City and amicus Indiana Fireworks Dealers Association contend that the sale of fireworks identified in I.C. 22–11–14–8 is prohibited only where the "purchaser" (whether wholesale or retail) fails to execute a requisite statement of intent. They rely upon IND.CODE 22–11–14–10(b) which provides:

"Each resident wholesaler shall post in a prominent location in the wholesaler's place of business a sign that reads as follows:

'Under Indiana law, a resident wholesaler of fireworks may sell fireworks not approved for sale in Indiana only to other resident wholesalers and to purchasers

who provide a written and signed assurance that the fireworks are to be shipped out of Indiana within five (5) days of the date of sale. A purchaser who provides a written and signed assurance that fireworks purchased are to be shipped out of Indiana within five (5) days of the date of sale and who then sells the fireworks in Indiana or uses them in Indiana commits a Class A misdemeanor, which is punishable by imprisonment for up to one (1) year and a fine of up to five thousand dollars ($5,000).'

The state fire marshal shall provide interstate wholesalers with signs for the purposes of this subsection."

A statute should be construed so as to ascertain and give effect to the intention of the legislature as expressed in the statute. In so doing, the objects and purposes of the statute in question must be considered as well as the effect and consequences of such interpretation. *Holmes v. Review Bd. of Ind. Employment Sec. Div.* (1983), Ind. App., 451 N.E.2d 83, 86. When interpreting the words of a single section of a statute, this court must construe them with due regard for all other sections of the act and with regard for the legislative intent to carry out the spirit and purpose of the act. *Detterline v. Bonaventura* (1984), Ind. App., 465 N.E.2d 215, 218, *reh. denied, trans. denied.* We presume that the legislature intended its language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.*

Although the *Hill* court did not construe I.C. 22-11-14-4 in a form identical to the present language, the expression of public policy underlying the enactment of the fireworks laws is nonetheless viable:

"While it is true that the common meaning given the punctuation used in Ind. Code § 22-11-14-4 would suggest that an exemption exists for fireworks sold wholesale or retail for shipment out of state, we are not obligated to engage in a debate on the significance of semicolons and disjunctives when doing so renders the statute absurd or produces a result repugnant to the apparent intent of the legislature. *Spaulding v. Harvey* (1856), 7 Ind. 429.

The framework provided by the General Assembly seems plain enough. It manifests a desire to reduce the number of children and adults burned or injured by fireworks. The legislature has determined that certain fireworks are safe for retailing to the general public and that others are not. Dealers are allowed to sell all fireworks at wholesale and all fireworks may be shipped out of state. Appellants see in this scheme the proverbial loophole: the customer walks in the store, signs a statement that he intends to ship all illegal fireworks out of state, buys individual items, and drives away. Although Oakley was asked to show his drivers license to show that he was not an Indiana resident, if we accept the Hills' argument that they are exempted because the fireworks were to be 'shipped directly out of state', the residence of the purchaser would be of little moment.

We conclude that reading the phrase 'shipped directly out of state' as an exception to the rule that only certain listed fireworks can be sold at retail required that the term 'shipped' be read to mean a method of delivery which does not result in the product being placed in general distribution within the state. It means that jobbers may sell crates of fireworks and ship them to Illinois; it does not mean that fireworks salesmen can have their customers sign a form and then hand them a paper bag of cherry bombs. The loophole is closed."

*Hill, supra,* at 710-11.

I.C. 22-11-14-4(b) (defining a resident wholesaler, importer or distributor) and I.C. 22-11-14-10(b) (reciting the language of required signage in a resident wholesaler's place of business) must be construed in the context of the remaining sections of the fireworks act. Were we to construe subsection (b) of I.C. 22-11-14-4 as a statutory exception to I.C. 22-11-14-8, we would ignore the plain language of I.C. 22-11-14-8 providing that a "retail" sale of *any* fireworks other than those specified is illegal.[5] Neither a definitional subsection concerning wholesalers or a recitation of required sign terminology should be construed so as to nullify the explicit language of I.C. 22-

5. The language of I.C. 22-11-14-8 is unchanged since the *Hill* decision.

11–14–8 making retail sales of unapproved fireworks unlawful.

We agree with the State that the enactment of the above-referenced subsections did not substantively change the fireworks law as to retail sales. By enactment of the 1985 statutory amendment, the legislature altered the law governing *wholesale* sales to provide for execution by the purchaser of a statement of intent to ship unapproved fireworks out of state, subject to criminal penalty. No companion provision was inserted into the section governing retail sales. We conclude that a *retail* sale of items not approved for retail sale in Indiana cannot be legitimized by the execution of a statement of intent to ship the prohibited items out of state.

## II.

### *Jury Instruction*

Next, the State contends that Final Instruction 9 was erroneous in that: (1) it incorporated the language of I.C. 22–11–14–10(b) and (2) stated that "Indiana law does not allow a wholesaler to sell unapproved fireworks at retail sale to the ultimate consumer, *under circumstances where a mere sham written assurance is provided.*" Record, p. 80. The State argues that the jury was erroneously invited to conclude that a retail sale otherwise prohibited by I.C. 22–11–14–8 was legitimized by the consumer's execution of a *genuine* written assurance of intent to ship the fireworks out of state. In light of the statutory analysis in Issue I, *supra,* we conclude that Instruction 9 was misleading to the jury.

We sustain the appeal and conclude that I.C. 22–11–14–4(b) does not create a statutory exception to I.C. 22–11–14–8.

HOFFMAN, J., concurs.

BAKER, J., concurs and files separate opinion.

BAKER, Judge, concurring.

I concur with the result reached by the majority on Issue I. Our statutory scheme forbids fireworks wholesalers from selling particular fireworks to consumers, regardless of whether the consumer has pledged to remove the fireworks from Indiana within five days of the sale. I write separately to clarify the reasoning compelling this outcome.

For perfectly sound reasons, our General Assembly has concluded that some fireworks, being vastly more dangerous than others, should not be sold to the general public at retail. *Hill v. State* (1986), Ind., 488 N.E.2d 709. The list of those fireworks considered safe for sale to the consumer is set out in IND.CODE 22–11–14–8. All fireworks excluded from the list may not be sold or offered to be sold at retail. Windy City does not dispute this.

What is in dispute, however, is the effect of IND.CODE 22–11–14–4(a)(1)(B), which reads as follows:

> Sec. 4. (a) Nothing in this chapter shall be construed to prohibit:
> (1) any resident wholesaler, manufacturer, importer, or distributor from selling:
> \*　　\*　　\*　　\*　　\*　　\*
>
> (B) fireworks not approved for sale in Indiana if they are to be shipped directly out of state within five days of the date of sale[.]

Windy City contends this language permits it to sell fireworks excluded from the IND. CODE 22–11–14–8 list to anyone, so long as the buyer pledges to ship the goods out of state within five days of the sale.

When construing a statute, our foremost duty is to determine and give effect to the true intent of the legislature. *Indiana Dep't of Human Services v. Firth* (1992), Ind.App., 590 N.E.2d 154, *trans. denied.* To do this, we must view the statute within the context of the entire act, rather than in isolation. *Id.* Absent a clearly manifested purpose to the contrary, we endeavor to give words appearing in the statute their plain and ordinary meaning. *Id.* We will not construe statutes in a manner leading to absurdity or hardship. *Id.*

Chapter 14 very clearly delineates a hierarchy of fireworks sellers and buyers. It provides definitions for "manufacturer," "distributor," "wholesaler," and "retailer."

IND.CODE 22–11–14–1. A "wholesaler" is "a person who purchases fireworks for resale to retailers." *Id.* A "retailer," in turn, "means a person who purchases fireworks for resale to consumers." *Id.* Thus, the entities are defined in terms of to whom they will sell. A wholesaler sells to retailers, and a retailer sells to consumers. By definition, a wholesaler does not sell to consumers, because a wholesaler is "a person who purchases fireworks for resale to retailers," not to consumers.

Once this is understood, the resolution of the issue in dispute here becomes apparent. IND.CODE 22–11–14–4(a)(1)(B) does not permit a wholesaler to sell to any buyer, so long as the buyer pledges to remove the fireworks from Indiana promptly. Instead, the section contemplates wholesalers' "resale to retailers." Accordingly, under IND.CODE 22–11–14–4(a)(1)(B), a wholesaler may sell fireworks excluded from the IND.CODE 22–11–14–8 list only to retailers and then only if the retailer pledges to ship the goods directly out of state within five days of the sale. Rather than being a very broad provision, as Windy City submits, the subsection is instead very narrow and precise in terms of to whom a wholesaler may sell the otherwise illegal fireworks.

Any argument employing the definition of "resident wholesaler" [6] found in IND. CODE 22–11–14–4(b) must inevitably confront this same reasoning. Our legislature has made it clear that a "wholesaler" is someone who purchases fireworks for resale to retailers, not to consumers. For the same reason, any argument relying on IND.CODE 22–11–14–10(b), which requires wholesalers to post a particular notice in their place of business, is equally unavailing.

---

**6.** A "resident wholesaler" is a person who:
(1) is a resident of Indiana;
(2) possesses for resale common fireworks approved or not approved for sale in Indiana;
(3) is engaged in the interstate sale of common fireworks described in subdivision (2) as an essential part of a business that is located in a permanent structure and is open at least six (6) months each year;
(4) sells common fireworks described in subsection (2) only to purchasers who provide a

Given our legislature's intent to protect our citizens from the more dangerous fireworks, we cannot agree that wholesalers may sell otherwise prohibited fireworks to consumers when it is plain retailers may not. Such a construction would utterly defeat the legislative purpose. *See Firth, supra.* To paraphrase *Hill, supra,* wholesalers may sell crates of otherwise prohibited fireworks to retailers, provided the fireworks are shipped directly out of state within five days of the sale, but wholesalers may not sell a crate of cherry bombs to a member of the general consuming public, whether or not that consumer removes the goods from Indiana promptly.

For the foregoing reasons, I concur in the result reached by the majority regarding Issue I. I concur fully with the majority opinion on the issue of the jury instructions.

---

written and signed assurance that the fireworks are to be shipped out of Indiana within five (5) days of the date of sale; and
(5) has possession of a certificate of compliance issued by the state fire marshal under section 5 of this chapter.
IND.CODE 22–11–14–4(b).