The **INDIANA FIREWORKS DISTRIBUTORS ASSOCIATION, The Indiana Fireworks Users Association, Inc., Celebration Fireworks, Inc., and Patriotic Fireworks, Inc., Appellants (Defendants Below),**

v.

**M. Tracy BOATWRIGHT, in his official capacity as Indiana State Fire Marshal, Appellee (Plaintiff Below).**

No. 49S02–0106–CV–316.

Supreme Court of Indiana.

March 12, 2002.

---

**12.** Count II of the complaint seeks compensation for Calvin Bolin's loss of consortium with his wife.

John H. Brooke, Casey D. Cloyd, Brooke & Cloyd, P.C., Muncie, IN, Douglas R. Brown, Philip R. Thompson, Stewart & Irwin, Indianapolis, IN, for Appellants.

Steve Carter, Attorney General of Indiana, Jon Laramore, Deputy Attorney General, Indianapolis, IN, for Appellee.

Bradley D. Hamilton, Hamilton Law Office, Kokomo, IN, for Amicus Mr. Fireworks, Inc.

SHEPARD, Chief Justice.

In this case, the Indiana State Fire Marshal has asked for a court interpretation of the statute prohibiting the retail sale of certain fireworks. He says the Court of Appeals erred in concluding that he lacks standing to seek a declaratory judgment in his official capacity. We agree with the Court of Appeals, but granted transfer to emphasize that this conclusion does not restrain the Fire Marshal from enforcing the law as he reads it.

### Facts and Procedural History

Indiana Code Ann. § 22–11–14–8 (West 2001) (Section 8) prohibits the retail sale of fireworks, except for certain relatively harmless items such as wire sparklers, party poppers and cigarette loads. Indiana Code Ann. § 22–11–14–2 (West 2001) (Section 2) authorizes supervised public displays of fireworks by "organizations or groups of individuals" who obtain properly issued permits.

Certain Indiana fireworks sellers (Sellers) formulated a plan to use Section 2 to avoid Section 8's prohibitions on retail sale. These Sellers entered into license agreements with the Indiana Fireworks Users Association (IFUA), a not-for-profit corporation associated with the Indiana Fireworks Distributors Association.[1] Retail customers who wish to buy prohibited fireworks must pay two dollars for IFUA memberships. One dollar goes to IFUA; the other to Safe PAC, a state political action committee that contributes to candidates for legislative and executive offices.

When a retail customer pays this fee and signs an agreement not to use items purchased in an unlawful manner, the seller lets him or her purchase otherwise prohibited fireworks. IFUA obtains Section 2 permits and operates about two dozen "display sites" on the Fourth of July and a day before and/or after. (R. at 690.) IFUA members may take their purchases to these sites, where pyrotechnicians will ignite their fireworks. (*Id.*) The Sellers do not compel retail buyers to use their fireworks only at these public display sites. (R. at 692.)

Fire Marshal M. Tracy Boatwright asserts that IFUA membership does not legitimize the retail sale of fireworks not exempted by Section 8. (Appellee's Br. at 6–7.) He brought this action under Indiana's Uniform Declaratory Judgment Act (the Act), asking the court to hold that Section 2 does not authorize the retail sale of prohibited fireworks. The trial court held for Boatwright, granting him summary judgment.

The Court of Appeals reversed. It applied *Indiana Wholesale Wine & Liquor*

---

1. Licensees must also be members of the Indiana Fireworks Distributors Association, a trade association comprised of over seventy percent of the fireworks dealers in Indiana. (R. at 688.)

Co. v. State ex rel. Indiana Alcoholic Beverage Commission, 695 N.E.2d 99 (Ind. 1998) (state agencies lack standing under the declaratory judgment statute) and held that state officials acting in their official capacity also lack standing under the Act. Ind. Fireworks Distrib. Ass'n v. Boatwright, 741 N.E.2d 1262, 1264–65 (Ind.Ct. App.2001). We granted transfer. 753 N.E.2d 18 (Ind.2001).

## I.  The Fire Marshal Lacks Standing ...

■ The Court of Appeals was correct in holding that although Boatwright is a natural person, and "[a]ny person interested" may bring a declaratory judgment action under Ind.Code Ann. § 34–14–1–2 (West 2001), state officials lack standing when acting on behalf of state agencies as Boatwright does here. Indiana Code Ann. § 34–14–1–13 (West 2001), which defines "person" for purposes of the Act, does not encompass state agencies.[2] We agree with the Court of Appeals that it would be incongruous to hold that state agencies have no right of action per our decision in Indiana Wholesale Wine & Liquor, 695 N.E.2d at 103, but then allow agency officials to bring identical actions. See Ind. Fireworks Distrib. Ass'n, 741 N.E.2d at 1264. Among other things, such lawsuits in effect allow state agencies to inappropriately shift some of their enforcement responsibilities to the courts.

■ We therefore adopt and incorporate the clear, concise and correct opinion of the Court of Appeals, which concluded, "A state official, acting in his or her official capacity, may not bring a declaratory judgment action pursuant to Indiana Code sections 34–14–1–2 and –13." Ind. Fireworks Distrib. Ass'n, 741 N.E.2d at 1265; Ind. Appellate Rule 58(A)(1).

## II.  ... But He Does Not Lack Enforcement Authority

Marshal Boatwright says that a declaratory judgment is necessary "to vindicate this public policy [i.e., safety] and protect the public." (Appellee's Pet. to Trans. at 5.) He describes his goal in bringing this action as "trying to clarify—once and for all—the scope of Section 8" by "seeking a declaration to determine exactly what Section 8 prohibits." (Id. at 5–6.)

He seems to harbor no doubts, however, about how Section 8 works. He says Sellers wrongly read Section 2 as containing "a loophole big enough to drive an explosives truck through." (Appellee's Br. at 10.) In fact, "Section 2 does not permit retail sale of non-Section 8 fireworks. It allows only for the public display of non-section 8 fireworks under controlled conditions." (Id. (emphasis in original)). He concludes, "Sellers are unable to show any basis in the statutory language for their contention that mere membership in [IFUA] permits retail customers to purchase fireworks not listed in Section 8." (Id. at 12–13.)

The marshal's petition to transfer is equally adamant. In describing the need for "clarification of the law," it says, "The plain language of the statute clearly prohibits the retail sale of all non-Section 8 fireworks, and a court need not go beyond the plain language to construe the statute." (Appellee's Pet. to Trans. at 7, 10.)

■ Because state officials lack statutory standing to obtain declaratory judgments, we do not say whether we agree with this reading of the law. Fortunately, the State Fire Marshal has authority to

---

**2.**  "Person" as used in the Act includes "any person, partnership, limited liability company, joint stock company, unincorporated association, or society, or municipal or other corporation...." Ind.Code Ann. § 34–14–1–13 (West 2001).

protect public safety without the prerequisite of a declaratory judgment.

Indiana Code Ann. § 22–11–14–5(a) (West 2001) says, "The state fire marshal *shall* remove at the expense of the owner, all stocks of fireworks or combustibles possessed, transported, or delivered in violation of [Chapter 14, 'Regulation of Fireworks by Fire Marshal']." (Emphasis added.) The State Fire Marshal therefore has the power to confiscate inventories of sellers who violate the fireworks statutes.

Furthermore, Ind.Code Ann. § 22–11–14–5(b) (West 2001) empowers the State Fire Marshal to revoke the required certificate of compliance of any manufacturer, wholesaler, importer, or distributor if that certificate holder violates any Chapter 14 provisions. Indiana Code Ann. § 22–11–14–7 (West 2001) requires retailers selling fireworks at temporary stands to obtain retail sales permits from the State Fire Marshal.

In short, the Fire Marshal does not need our go-ahead to enforce the fireworks statutes. He acknowledges that he has alternatives available, namely, enforcing the law,[3] but declares that to be a "substantial step." (Appellee's Rep. Br. on Trans. at

2.) It is an unusual approach to law enforcement by a regulatory agency: the agency continues to issue licenses to applicants whom it believes are violating the law, forswears taking action against any of the violators, and seeks declaratory judgment in the hope they will cease and desist.

The Fire Marshal seeks "a way to solve a longstanding problem without economically disrupting the fireworks industry." (Appellee's Pet. to Trans. at 6–7.) Of course, any enforcement action or court judgment favorable to Boatwright would be disruptive to an industry described by the Fire Marshal as rife with violations.

To be sure, enforcement actions are subject to judicial review under the Administrative Orders and Procedures Act,[4] and Boatwright says he fears suits for discriminatory enforcement and potential civil rights claims if he uses his statutory seizure powers. (Appellee's Pet. to Trans. at 5, 7.) This anxiety cannot be grounded in actual experience. Over the past fifteen years, fire chiefs, prosecutors, and the Fire Marshal have prevailed in every reported Indiana decision we can find.[5]

---

3. *But see* Jennifer Wagner, *Panel Passes Major Fireworks Bill*, Indianapolis Star, Feb. 14, 2001, at D3; George Stuteville, *Pyrotechnic Laws Frustrate Fire Marshal; Lack of Enforcement, Confusion Reign in State*, Indianapolis Star, July 2, 2001, at B1 ("You can flagrantly break the law and nothing happens to you," says the Fire Marshal, because the law leaves him powerless.).

4. *See* Ind.Code Ann. §§ 4–21.5–5–4, 14 (West 2001).

5. *See, e.g., Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450 (Ind.2000) (affirming summary judgment for fire chief in defamation action because plaintiff fireworks company did not comply with notice provisions of Indiana Tort Claims Act); *State v. Windy City Fireworks, Inc.*, 608 N.E.2d 699 (Ind.1993) (buyer's execution of statement of intent to

ship prohibited fireworks out of state did not render retail sale of fireworks to general public legal); *Hill v. State*, 488 N.E.2d 709 (Ind. 1986) (retail fireworks dealers could not avoid prosecution for selling illegal fireworks simply by having buyers sign statements to the effect that they were nonresidents who planned to immediately ship the contraband out of state); *Brandmaier v. Metro. Dev. Comm'n*, 714 N.E.2d 179 (Ind.Ct.App.1999) (upholding zoning restriction prohibiting sale of fireworks in C–3 zones); *Boatwright v. Celebration Fireworks, Inc.*, 677 N.E.2d 1094 (Ind.Ct.App.1997) (reversing preliminary injunction granted by trial court to fireworks corporation challenging fire marshal's authority to require certificates of compliance for each wholesale outlet location); *Hauer v. BRDD of Indiana, Inc.*, 654 N.E.2d 316 (Ind. Ct.App.1995) (fireworks wholesaler lacked standing to challenge legality of certificates of

### Conclusion

We reverse the judgment of the trial court, and remand for dismissal of this action.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

compliance issued to its competitors); *State v. King,* 502 N.E.2d 1366 (Ind.Ct.App.1987) (trial court erred in dismissing information alleging unlawful sale of fireworks based on defendants' claim that they came within statutory exception to charged crime).