86 P.3d 449

**RGIS INVENTORY SPECIALIST,**
Appellant–Appellee

v.

**HAWAI'I CIVIL RIGHTS COMMISSION,**
Appellee–Appellant.

No. 25679.

Supreme Court of Hawai'i.

March 17, 2004.

Motion to Alter or Amend
Denied April 7, 2004.

As Amended April 27, 2004.

John Ishihara, Honolulu, for the appellee-appellant Hawai'i Civil Rights Commission.

Richard M. Rand and Clayton A. Kamida (Torkildson, Katz, Fonseca, Jaffe, Moore &

Hetherington), Honolulu, for the appellant-appellee RGIS Inventory Specialist.

Brent T. White for Amici Curiae American Civil Liberties Union of Hawai'i Foundation and American Civil Liberties Union Foundation.

April Wilson–South, Honolulu, and Susan Hippensteele for Amicus Curiae Hawai'i Women's Law Center, LLLC.

Wayson Chow, Honolulu, for Amicus Curiae National Employment Lawyers Association.

Lane Hornfeck for Amicus Curiae Hawai'i Women Lawyers.

David S. Brustein, Honolulu, and Shannon Minter for Amici Curiae National Center for Lesbian Rights, Human Rights Campaign, and Gay & Lesbian Advocates & Defenders.

Kim Coco Iwamoto for Amicus Curiae Kulia Na Mamo.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by DUFFY, J.

Appellee–Appellant Hawai'i Civil Rights Commission [hereinafter, HCRC] appeals from the judgment of the first circuit court [1] in which the circuit court overturned a declaratory order issued by HCRC. HCRC's appeal presents three questions: (1) whether HCRC has jurisdiction to issue a declaratory ruling in a case brought by HCRC's own Executive Director; (2) whether HCRC correctly followed its own procedural rules in addressing the Executive Director's petition for declaratory relief; and (3) whether Hawai'i's constitutional and statutory prohibitions against sex discrimination also prohibit discrimination "because of or due to the person's being transgender, transsexual, and/or because of the person's apparent gender (usually expressed through behavior, demeanor, and/or dress)." Based on the following, we hold that HCRC does not have jurisdiction to issue a declaratory ruling in a case

brought by HCRC's own Executive Director because the Executive Director is not an "interested person" within the meaning of the Hawai'i Administrative Procedure Act, HRS Chapter 91. We therefore (1) affirm, on different grounds, the circuit court's determination that HCRC erred in granting the Executive Director's petition for declaratory relief (Petition), (2) vacate the circuit court's determination that the Executive Director's Petition was procedurally defective, and (3) vacate the circuit court's determinations as to the merits of the Executive Director's Petition.

## I. BACKGROUND

Hawai'i Administrative Rule (HAR) § 12–46–61 (1990) provides in relevant part that "[t]he commission's executive director or any interested person may petition the commission for a declaratory ruling as to the applicability of any HRS provision or of any rule adopted by the commission to a factual situation." On May 15, 2002, pursuant to this rule, HCRC's Executive Director filed his Petition with HCRC. The Petition requested that HCRC issue a declaratory ruling that:

> H.R.S. Chapter 378's statutory prohibitions against discrimination on the basis of sex encompasses [sic] discrimination because of or due to the person's being transgender, transsexual, and/or because of the person's apparent gender (usually expressed through behavior, demeanor, and/or dress) and that such discrimination constitutes discrimination on the basis of "sex" or "because of sex" under H.R.S. Chapter 378, Part 1, H.A.R. § 12–46–1, and H.A.R. Title 12, Chapter 46, Subchapter 4.

RGIS Inventory Specialist (RGIS) filed a memorandum in opposition to the Petition.[2] On June 28, 2002, HCRC heard oral arguments from HCRC's Executive Director and RGIS. On June 29, 2002, HCRC issued its final decision and order granting the Petition. HCRC determined that "[b]ecause the

---

**1.** The Honorable Eden Elizabeth Hifo presided over the circuit court proceedings.

**2.** In an affidavit accompanying the Petition, the Executive Director's attorney stated that, at the

time, HCRC had six open cases alleging employment discrimination on the basis of the complainants' transgendered status. Five of the complaints had been lodged against RGIS.

employment discrimination law is a remedial statute which must be liberally construed to prevent sex discrimination, the Executive Director is authorized to investigate complaints of sex discrimination filed by transgendered individuals and transsexuals and make a determination whether reasonable cause exists to believe that an unlawful discriminatory practice has occurred."

RGIS appealed HCRC's ruling to the circuit court. On December 9, 2002, Judge Hifo heard the parties' arguments and ruled in favor of RGIS. Specifically, the circuit court ruled that: (1) HCRC did not have jurisdiction to issue a declaratory order on a petition brought by HCRC's own Executive Director; (2) the Petition was procedurally defective because it did not meet the requirements for particularity as set forth in HCRC's administrative rules; and (3) Hawai'i law does not expressly protect individuals against employment discrimination on the basis of their transgendered status. HCRC filed a motion for reconsideration with the circuit court, which the circuit court denied.[3] HCRC subsequently appealed to this court.

## II. STANDARDS OF REVIEW

■ In *State v. Hoshijo ex rel. White,* 102 Hawai'i 307, 316, 76 P.3d 550, 559 (2003), we held that the circuit court's review of an HCRC decision is *de novo* pursuant to HRS § 368–16(a) (1993).[4] This court reviews the circuit court's findings of fact under a clearly erroneous standard and the circuit court's conclusions of law *de novo.* *Id.* at 317, 76 P.3d at 560. In reviewing an agency's construction of its own administrative rules, we have stated:

**3.** Although the Executive Director filed the Petition, HCRC was the appellee before the circuit court. *See* HRS § 368–16(b) (1993) ("Where a respondent petitions for an appeal to the circuit court, the commission shall be a party to any proceeding as the appellee. The complainant shall have the right to intervene.").

**4.** HRS § 368–16, entitled "Appeals; de novo review; procedure," provides in relevant part: "A complainant and a respondent shall have a right of appeal from a final order of the commission.... An appeal before the circuit court shall be reviewed de novo."

The general principles of construction which apply to statutes also apply to administrative rules. As in statutory construction, courts look first at an administrative rule's language. If an administrative rule's language is unambiguous, and its literal application is neither inconsistent with the policies of the statute the rule implements nor produces an absurd or unjust result, courts enforce the rule's plain meaning.

*Intern'l Bhd. of Elec. Workers, Local 1357 v. Hawaiian Tel. Co.,* 68 Haw. 316, 323, 713 P.2d 943, 950 (1986) (citations omitted).

## III. DISCUSSION

A. *HCRC did not have jurisdiction to hear a petition for a declaratory order brought by HCRC's Executive Director.*

The circuit court ruled that HCRC did not have jurisdiction to issue a declaratory ruling on a petition brought by HCRC's own Executive Director. The circuit court based its ruling on HRS § 91–8 (1993),[5] which provides that "[a]ny interested person" may ask an agency to issue a declaratory order, and on HRS § 91–1(2) (1993), which defines "persons" as "individuals, partnerships, corporations, associations, or public or private organizations of any character *other than agencies* " (emphasis added). The circuit court ruled that HCRC's Executive Director is an "agency" and is therefore prohibited from petitioning HCRC for a declaratory order.

We agree with the circuit court that HCRC did not have jurisdiction to issue a ruling on the Executive Director's Petition, although we reach that result on different grounds. We disagree with the circuit court

**5.** HRS § 91–8 provides:

**Declaratory rulings by agencies.** Any interested person may petition an agency for a declaratory order as to the applicability of any statutory provision or of any rule or order of the agency. Each agency shall adopt rules prescribing the form of the petitions and the procedure for their submission, consideration, and prompt disposition. Orders disposing of petitions in such cases shall have the same status as other agency orders.

and hold that HCRC's Executive Director is not an "agency." However, we also hold that the Executive Director is not an "interested person" and therefore may not petition her or his own agency for a declaratory order pursuant to HRS § 91–8 when the Executive Director's "interest" stems from her or his position as Executive Director. We therefore hold that HCRC exceeded its statutory authority by permitting the Executive Director to petition for declaratory relief via HAR § 12–46–61.

### 1. HCRC's Executive Director is not an "agency."

■ HRS § 91–1(1) (1993) defines "agency" as "each state or county board, commission, department, or officer authorized by law to make rules or to adjudicate contested cases, except those in the legislative or judicial branches." HCRC argues that its Executive Director is not an "agency" because the Executive Director neither makes rules nor adjudicates contested cases. We agree.

HCRC's Executive Director is responsible for investigating the charges alleged in a complaint and dismissing a complainant's case if she or he finds no reasonable cause to proceed with the complaint. HAR §§ 12–46–11 (1999) and 12–46–12 (1993). The Executive Director also accepts complaints, issues "right to sue" notices, issues reasonable cause determinations, pursues conciliation efforts, and presents cases on behalf of complainants in HCRC hearings. HRS § 368–11(a) (1993 & Supp.2001); HRS § 368–13(a)–(d) (1993 & Supp.2001); HAR § 12–46–20 (1993). RGIS notes that the Executive Director is authorized to dismiss a complainant's case if she or he finds no reasonable cause to proceed with the complaint. HAR §§ 12–46–11 (1999) and 12–46–12 (1993). RGIS contends that, in deciding whether to proceed with a complaint, the Executive Director must make a determination as to liability and that this determination constitutes "adjudication."

RGIS is incorrect for three reasons. First, the Executive Director's reasonable cause determinations and conciliation efforts occur before any contested case hearing, and therefore do not constitute "adjudication."

HRS §§ 368–13 and 368–14 (1993). *See also* HRS § 91–1(5) (1993) ("'Contested case' means a proceeding in which the legal rights, duties, or privileges of specific parties are required by law to be determined after an opportunity for agency hearing."); *Bush v. Hawaiian Homes Comm'n*, 76 Hawai'i 128, 134, 870 P.2d 1272, 1278 (1994) ("If the statute or rule governing the activity in question does not *mandate* a hearing prior to the administrative agency's decision-making, the actions of the administrative agency are not 'required by law' . . . ."). The Executive Director is not required by law to hold a hearing before making a reasonable cause determination, such that the Executive Director's determination does not constitute a "contested case." Consequently, the Executive Director does not engage in "adjudication."

Second, as this court has stated, "adjudication is concerned with the determination of past and present rights and liabilities." *In re Hawaiian Elec. Co.*, 81 Hawai'i 459, 467, 918 P.2d 561, 569 (1996). *See also Black's Law Dictionary* 42 (7th ed.1999) (defining "adjudication" as "1. The legal process of resolving a dispute; the process of judicially deciding a case. 2. JUDGMENT"). The Executive Director's decision that there is or is not reasonable cause in any given case has no conclusive effect on the parties' rights and liabilities. If the Executive Director determines that there is reasonable cause to proceed, the respondent is not automatically liable; instead, the Executive Director must pursue the complaint until such time, if any, as the HCRC hearings examiner determines the respondent to be liable. *See* HRS § 368–13(e) (1993) ("Where the executive director has determined that there is reasonable cause to believe that an unlawful discriminatory practice has occurred and has been unable to secure from the respondent a conciliation agreement acceptable to the commission . . . the executive director shall demand that the respondent cease the unlawful discriminatory practice."); HRS § 368–14(a) (1993) ("If . . . the commission finds that conciliation will not resolve the complaint, the commission shall appoint a hearings examiner and schedule a contested case hear-

ing...."). [6] If the Executive Director determines that there is no reasonable cause, the complainant is not foreclosed from unilaterally pursuing her or his suit. HRS § 368–13(c) (1993) specifically provides:

> If the executive director makes a determination that there is no reasonable cause to believe that an unlawful discriminatory practice has occurred in a complaint filed, the executive director shall promptly notify the parties in writing. The notice to complainant shall indicate also that the complainant may bring a civil action as provided under section 368–12.

The Executive Director's reasonable cause determination neither imposes liability on the respondent nor relieves the respondent of liability, and thus cannot be an "adjudication."

Third, the five HCRC commissioners—not the Executive Director—are ultimately responsible for rulemaking and adjudication. *See* HRS §§ 368–3(2), 368–3(9) (Supp.2001); HRS § 368–14(a) (1993 & Supp.2001).

Therefore, we hold that HCRC's Executive Director is not an "agency" because she or he does not engage in "adjudication." *See also Gibb v. Spiker,* 68 Haw. 432, 435–36, 718 P.2d 1076, 1078–79 (1986) (holding that the Chief of the Honolulu Police Department was not an agency because he did not adjudicate cases or promulgate rules).

### 2. HCRC's Executive Director is not an "interested person."

■ HRS § 91–8 provides in relevant part that "[a]ny interested person may petition an agency for a declaratory order." By contrast, HAR § 12–46–61 provides in relevant part that "[t]he commission's executive director or any interested person may petition the commission for a declaratory ruling." We hold that HCRC exceeded its statutory authority in promulgating HAR § 12–46–61

to the extent that the administrative rule allows HCRC's Executive Director to petition for a declaratory order. *See* HRS § 91–7(b) (1993) ("The court shall declare [an agency] rule invalid if it finds that it violates constitutional or statutory provisions, or exceeds the statutory authority of the agency....").

■ Although HCRC's Executive Director fits the technical definition of "person," [7] she or he does not fall within HRS § 91–8's requirement that the petitioner be an *"interested* person" when petitioning HCRC. (Emphasis added.) The Executive Director's "interest" stems only from her or his official capacity as an agency employee, and this is insufficient to satisfy the standing requirements of HRS § 91–8. To hold otherwise would lead to an absurd result: an "agency" would not be able to petition for declaratory relief, but the agency could circumvent that rule simply by having an employee file the petition in her or his name. As the Indiana Supreme Court stated:

> [A]lthough [the Indiana State Fire Marshal] is a natural person, and "[a]ny person interested" may bring a declaratory judgment action ..., state officials lack standing when acting on behalf of state agencies as [the Fire Marshall] does here. [The statute], which defines "person" for purposes of the [Indiana Uniform Declaratory Judgment Act], does not encompass state agencies.... *[I]t would be incongruous to hold that state agencies have no right of action ..., but then allow agency officials to bring identical actions.*

*Indiana Fireworks Distribs. Ass'n v. Boatwright,* 764 N.E.2d 208, 210 (Ind.2002) (emphasis added) (footnote omitted). *See also* HRS § 1–15 (1993) ("Where the words of a law are ambiguous[,] ... [e]very construction which leads to an absurdity shall be rejected."). We therefore hold that where an agency employee's only interest in obtaining

---

**6.** The Executive Director is not "the commission." HRS § 368–2 (1993) provides in part that "[t]here is established a civil rights commission composed of five members nominated and, by and with the advice and consent of the senate, appointed by the governor." HRS § 368–3 (Supp.2001) provides that "[t]he commission shall have the [power] ... (2)[t]o hold hearings and make inquiries" and the power "[t]o appoint

an executive director, deputy executive director, attorneys, and hearings examiners."

**7.** HRS § 91–1(2) provides that " 'Persons' includes individuals, partnerships, corporations, associations, or public or private organizations of any character other than agencies."

a declaratory ruling from that agency stems from her or his work as an agency employee, that interest is insufficient to satisfy HRS § 91–8's standing requirements.[8] In the instant case, the Executive Director's interest in filing the Petition stemmed from his work as Executive Director; therefore, HCRC did not have jurisdiction to issue a declaratory order on the Petition.

B. *After ruling that HCRC did not have jurisdiction to hear the Executive Director's Petition, the circuit court erred in reaching the remaining issues.*

After the circuit court determined that HCRC did not have jurisdiction to hear the Executive Director's Petition, the circuit court should have declined to rule on the remaining two questions (*i.e.,* whether the Petition satisfied HCRC's administrative rules and whether Hawaiʻi law prohibits discrimination against the classes of individuals enumerated in the Petition). We therefore vacate that portion of the circuit court's or-der addressing those two issues, and we express no opinion regarding the merits of the Executive Director's Petition.

## IV. CONCLUSION

Based on the foregoing, we agree, albeit on different grounds, with the circuit court's determination that HCRC did not have jurisdiction to hear the Executive Director's Petition. We therefore affirm the circuit court's final judgment entered on February 10, 2003. We also hold that HAR § 12–46–61 is invalid to the extent that it permits the Executive Director to petition HCRC for a declaratory order.

---

**8.** We limit our holding to the situation presented by the instant case, in which an agency employee petitions her or his own agency for a declaratory ruling. We do not reach the question whether an agency official is an "interested person" enti-tled to petition another agency for a declaratory ruling, inasmuch as this issue is not before us.