ESTATE OF JOYCE: JOYCE, Appellant, vs. SCOTT and another, Executors, Respondents.

*April 16—October 7, 1941.*

For the appellant there were briefs by *Arthur H. Bartelt* of

Austin, Texas, and *Ela, Christianson & Ela* of Madison, and oral argument by *Mr. Bartelt* and *Mr. G. Burgess Ela.*

For the respondents there was a brief by *W. H. Frawley* in his own behalf as a claimant against the estate, and oral argument by *W. H. Frawley* and *W. H. Frawley, Jr.,* both of Eau Claire.

The following opinion was filed June 12, 1941:

MARTIN, J. The appellant contends that the county court of Eau Claire county erred, (1) in holding that it had original probate jurisdiction until December 20, 1939; and (2) in holding that from and after that date it had ancillary jurisdiction.

It is not important what name is ascribed to the proceedings had in the county court of Eau Claire county. The main question is, Did that court have jurisdiction, upon the conceded facts, to admit to probate the declared last will and testament of Mary Cousins Joyce, she being a nonresident of Wisconsin at the time of her death, but owning real estate and personal property located in Eau Claire county and having creditors who resided in that county? The proceedings in the Eau Claire court extended to both the real and personal property of the deceased in Eau Claire county until the will was offered and admitted to probate in the Texas court. The will was admitted to probate in the Texas court on December 20, 1939, since which date the proceedings in the Eau Claire county court are deemed ancillary to the probate proceedings now being had in the Bexar county court, Texas.

Sec. 253.03, Stats., so far as here material, provides:

"The jurisdiction of the county court shall extend to the probate of wills and granting letters testamentary and of administration on the estates of all persons deceased who were at the time of their decease inhabitants of or residents in the same county and of all who shall die without the state having

any estate within such county to be administered, and to any other cases authorized by law."

Sec. 310.08, Stats. 1935, provides:

"Where a decedent died domiciled in another state and the will of said decedent disposes of real estate in this state, any county court of a county in which any of such real estate is located, may admit said will to probate. Notice to creditors and to public administrator and state tax commission shall be given as in the case of wills of decedents domiciled in Wisconsin at time of death and an executor or administrator may be appointed."

Prior to the amendment by ch. 176, Laws of 1935, sec. 310.08, Stats., so far as here material, provided:

"Where there is located in this state real estate of a decedent who died domiciled in another state and the will of said deceased shall dispose of said real estate and said will appears to be valid and effectual under the law of this state so as to dispose of said real estate, any county court in this state in which any part of such real estate shall be located, may admit said will to probate whether or not said will has been offered for or admitted to probate in the jurisdiction of the domicile of the testator, *but the decree admitting same to probate shall be limited so as to affect only real estate located within this state."*

It will be noted that the 1935 amendment (ch. 176, Laws of 1935) has stricken out the provision "but the decree admitting same to probate shall be limited so as to affect only real estate located within this state." Does sec. 310.08, Stats., as amended by ch. 176, Laws of 1935, confer jurisdiction upon the county court of Eau Claire county to admit to probate the will in question and to administer the real and personal estate of the testator located in Eau Claire county until the time the will was admitted to probate in Bexar county, Texas?

The general rule is, in the absence of statutory provision to the contrary, that the proper jurisdiction for the probate

of a will, in chief, is at the place of the domicile of the testator, and that probate elsewhere should be ancillary. However, in Restatement, Conflict of Laws, p. 569, § 469, it is said:

"The will of a deceased person can be admitted to probate in a competent court of any state in which an administrator could have been appointed had the decedent died intestate."

Under comment *c*, p. 569, it is said:

". . . Probate in a state other than at the domicile can be had although the will has not been admitted to probate in the state of the decedent's domicile. But a court in its discretion will ordinarily postpone action in so far as the will concerns movables until the court at the domicile has acted, *if proceedings in the domicile for probate are pending at the time the application for probate is made in the other state.*"

In the instant case, at the time the will was offered for and admitted to probate in the county court of Eau Claire county, no application had been made by anyone for the probate of the will in Texas. In fact, the petition to admit the will to probate in the Texas court was not made until November 1, 1938, more than a year and one half after it had been admitted to probate in the Eau Claire county court.

Sec. 253.03, Stats., hereinbefore quoted, provides that the jurisdiction of county courts shall extend to the probate of wills and the granting of letters testamentary and of administration, (1) on the estates of all persons deceased, who were at the time of their death, inhabitants of or residents in the same county, (2) *and of all who die without the state having any estate within such county to be administered,* (3) and to all other cases authorized by law. Sec. 311.01, relating to the administration of intestate estates, provides:

"When any resident of this state shall die intestate letters of administration of his estate shall be granted by the county court of the county of which he was a resident. If any person not a resident of this state shall die, leaving estate to be administered in this state, administration thereof shall be

granted by the county court of any county in which there is estate to be administered, and the administration first legally granted shall extend to all the estate in this state. . . ."

If the quotation from the Restatement on the Conflict of Laws is considered in connection with the provisions of secs. 311.01 and 310.08, Stats. 1935, it would follow that the county court of Eau Claire county had jurisdiction to admit to probate the last will and testament of Mary Cousins Joyce and to administer her estate, both real and personal property, located in that county.

We have had no occasion heretofore to consider the effect of the 1935 amendment to sec. 310.08, Stats. A proper construction of this section, considered in connection with secs. 253.03 and 311.01, now that the limitation relative to real estate has been removed, would necessarily confer power on county courts to administer as to both real and personal property located within the county, and we must so hold. The judgment of the county court of Eau Claire county specifically provides that from the date of the admission of the will in question to probate in the Texas court, that the proceedings in the local court are declared to be ancillary to the proceedings in the Texas court, that except for the purpose of examining and allowing the final account of the executors in connection with the proceedings had in the county court of Eau Claire county, that said court has no further jurisdiction over the personal property now in the hands of the executors, and that upon such accounting, the personal property shall be transferred to the same individual executors who continue as such in the proceedings now pending in the Texas court. We think the procedure proper and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on October 7, 1941.