CORNELLIER FIREWORKS CO., LTD., a Wisconsin corporation, Plaintiff-Appellant,

v.

ST. CROIX COUNTY; Eric J. Lundell, St. Croix County District Attorney; Luverne J. Burke, St. Croix County Sheriff, Defendants-Respondents.†

Court of Appeals

No. 83–920. Submitted on briefs March 5, 1984.— Decided April 17, 1984.
(Also reported in 349 N.W.2d 721.)

† Petition to review denied.

For the appellant the cause was submitted on the briefs of *Consigny, Andrews, Hemming & Grant, S.C.,* and *Anthony C. Kraujalis* of Janesville.

For the respondents the cause was submitted on the brief of *Bruce A. Pagel,* assistant district attorney for St. Croix County.

Before Foley, P.J., Dean and Cane, JJ.

CANE, J.   Cornellier Fireworks Co., Ltd., appeals a judgment that dismissed its amended complaint, declared its method of selling and distributing fireworks to non-residents in Wisconsin to be inconsistent with sec. 167.10 (4), Stats., and permanently enjoined Cornellier from using its nonresident sales method.   Cornellier requires fireworks purchasers without Wisconsin fireworks permits to produce a drivers license from another state and to sign a document agreeing to both transport the fireworks out of Wisconsin and comply with the laws of the state of destination.   Cornellier contends that this method complies with sec. 167.10 (4) because the fireworks are being shipped directly outside of Wisconsin by the purchaser.   Cornellier also contends that the trial court improperly granted St. Croix County's counterclaim for a permanent injunction barring such sales.   We reject both contentions and affirm the judgment.

Cornellier filed suit to enjoin the county and its law enforcement officials from either threatening to or actually arresting, charging, or prosecuting Cornellier or its customers for participating in fireworks transactions under Cornellier's standard method for purchasers without a Wisconsin permit.   Section 167.10 (1), Stats., generally prohibits the sale or use of fireworks within the State of Wisconsin.   Section 167.10 (2), Stats., provides for permits for certain groups to use fireworks in Wisconsin.   Section 167.10 (4), Stats., provides:

Nothing in this section shall be construed to prohibit any resident wholesaler, dealer or jobber from selling fireworks . . . at wholesale, but only when the same are shipped or delivered directly outside of the state of Wisconsin or to an organization, agricultural producer or group granted a permit under sub. (2).

The trial court assumed Cornellier was a wholesaler, but concluded that the statute requires that the shipping or delivering be done by the wholesaler and not by a purchaser. It concluded that Cornellier's method was actually to deliver the fireworks at its store and that the purchaser's signed statement agreeing to transport the fireworks out of the state was a sham. We agree.

Statutory construction is a question of law subject to our independent review. *State v. Britzke,* 108 Wis. 2d 675, 680, 324 N.W.2d 289, 291 (Ct. App. 1982), *aff'd,* 110 Wis. 2d 728, 329 N.W.2d 207 (1983). A statute should be construed to give effect to its leading idea, and the entire statute should be brought into harmony with its purpose. *State v. Clausen,* 105 Wis. 2d 231, 244, 313 N.W.2d 819, 825 (1982).

Section 167.10 is designed to prevent injury by fireworks. *Fleury v. Wentorf,* 82 Wis. 2d 105, 110, 262 N.W.2d 68, 70 (1978). It pursues its purpose by strictly regulating the sale and use of fireworks, although fireworks are not entirely banned from the state. Fireworks in Wisconsin may only be sold to and used by specified groups or individuals eligible for permits. Sections 167.10(1) and (2), Stats. Those who can obtain a permit must observe statutory requirements for storing and handling fireworks.

Subsection (4), when read in the context of the purpose and scheme of sec. 167.10, does not provide an exception to the restriction on fireworks sale and use in Wisconsin. It simply clarifies the statute's prohibition as applying only to sales where transfer of possession from

seller to purchaser takes place in Wisconsin. The statute prohibits selling fireworks in Wisconsin to nonpermit holders. Subsection (4) does not expressly exempt nonresidents from the prohibition and, since it would be inconsistent with the aim of sec. 167.10, we will not infer such an exemption.

Cornellier argues that since sec. 167.10 (4) does not require that fireworks be shipped or delivered "by the wholesaler," they can be sold in Wisconsin if someone agrees to ship them outside of the state. We reject this "literal" meaning approach as an attempt to avoid the obvious legislative purpose of preventing nonpermit sales in the state. *See State v. S & S Meats, Inc.*, 92 Wis. 2d 64, 70, 284 N.W.2d 712, 715 (Ct. App. 1979).

Cornellier argues that because no legal action has been taken against its nonresident sales method in other parts of Wisconsin for six years, "reasonable minds have differed" about what is allowed by subsec. (4), and that the statute is therefore ambiguous. The lack of legal action, however, proves nothing except that for unknown reasons Cornellier has escaped enforcement of the statute. We also reject Cornellier's argument that we are required to construe subsec. (4) strictly and seek guidance from the Federal Hazardous Material Transportation Act to define the term "shipped." Construing sec. 167.10 (4) strictly as a penal statute should not defeat the legislative purpose of sec. 167.10. *See State v. Tollefson*, 85 Wis. 2d 162 170, 270 N.W.2d 201, 205 (1978). The federal law Cornellier cites regulates the transportation of hazardous substances, not the sale and use of fireworks, and provides no guidance concerning sec. 167.10 (4). *See* 49 U.S.C. § 1801 (1976).

Finally, Cornellier argues that the trial court's injunction was an abuse of discretion because it subjected Cornellier to the potential double jeopardy of penalties for a violation of both the statute and the injunction, with-

out a finding that its nonresident sales practice constituted a public nuisance. Such a finding is unnecessary, however, because the repeated violation of a criminal statute is a public nuisance as a matter of law. *See State v. H. Samuels Co.,* 60 Wis. 2d 631, 637, 211 N.W.2d 417, 420 (1973); *see also State v. Deetz,* 66 Wis. 2d 1, 21, 224 N.W.2d 407, 417 (1974).

*By the Court.*—Judgment affirmed.