614 A.2d 1212

COMMONWEALTH of Pennsylvania

v.

Albert Clair HOLLENBECK, Appellant.

Superior Court of Pennsylvania.

Argued June 16, 1992.

Filed Oct. 5, 1992.

66

David G. Ridge, Erie, for appellant.

Anthony R. Himes, Asst. Dist. Atty., Erie, for Com., appellee.

Before WIEAND, DEL SOLE and HESTER, JJ.

WIEAND, Judge.

Albert Clair Hollenbeck was tried by jury and was found guilty of violating Pennsylvania's fireworks law[1] by making illegal sales of fireworks at his place of business in Erie County, Pennsylvania. Post-trial motions were denied, and Hollenbeck was sentenced to pay a fine of one hundred ($100) dollars and the costs of prosecution. On direct appeal from the judgment of sentence, Hollenbeck asserts that the trial court erred by holding that the term "shipment", as used in the fireworks law, did not include the sale of fireworks to non-residents of Pennsylvania who were permitted to carry the fireworks from his place of business in Pennsylvania. By this ruling, appellant argues, the trial court precluded him from

1. Act of May 15, 1939, P.L. 134, § 1 et seq., as amended, 35 P.S. § 1271 et seq.

establishing compliance with an exception to the general prohibition which allows a resident wholesaler to make wholesale sales of fireworks in Pennsylvania, so long as the fireworks sold are shipped directly out of state. After careful review, we hold that the trial court correctly interpreted the fireworks law and, therefore, affirm the judgment of sentence.

Because of complaints received from residents of New York State, Pennsylvania State Trooper James Shelatz was assigned to conduct an investigation of Niagara Fireworks, located on Interstate 90 in Erie County, near the New York border. Hollenbeck is the proprietor of Niagara Fireworks. Upon conducting surveillance at Niagara Fireworks, Shelatz observed persons carrying brown paper grocery bags of fireworks from appellant's place of business. Therefore, he contacted the county sheriff's department in New York State for assistance in carrying on an undercover operation. In response, two sheriff's deputies were assigned to assist Trooper Shelatz in his investigation of Niagara Fireworks.

On June 7, 1990, Deputies Darryl Braley and John Runkle were given $50 by Trooper Shelatz and drove to Niagara Fireworks in an unmarked police vehicle with New York license plates. When the two deputies entered the premises, appellant inquired as to their state of residence and was told by the deputies that they were residents of New York. Thereafter, he sold the two deputies one box of M–78 firecrackers and one box of Roman candles for a price of $34.91. Appellant, however, did not ask the deputies for identification, and he did not make an attempt to ascertain their purpose for purchasing the fireworks.[2] Upon receiving the fireworks in a brown paper bag, the deputies left Niagara Fireworks and drove to State Police headquarters, where they turned over the purchased fireworks to Trooper Shelatz. As a result of this transaction, a criminal complaint was prepared against appellant in which he was charged with having made an illegal sale of fireworks.

2. Testimony established that signs visibly posted outside the Niagara Fireworks building announced that sales would not be made to Pennsylvania residents and that only wholesale sales of at least $25 in merchandise would be made.

Section 1272 of the Pennsylvania Fireworks Law provides as follows:

### § 1272. Sale of fireworks prohibited; supervised public displays permitted; permits

*Except as hereinafter provided, it shall be unlawful for any person, copartnership, association or corporation to offer for sale, expose for sale, sell at retail, or use or explode any fireworks:* Provided, That the governing body of any city, borough, town or township shall have power, under reasonable rules and regulations adopted by it, to grant permits for supervised public displays of fireworks to be held therein by municipalities, fair associations, amusement parks and other organizations or groups of individuals. Every such display shall be handled by a competent operator to be approved by the governing body of the municipality in which the display is to be held, and shall be of such a character and so located, discharged or fired as in the opinion of the chief of the fire department or such other officer as may be designated by the governing body of the municipality after proper inspection shall not be hazardous to property or endanger any person or persons. Application for permits shall be made in writing at least fifteen (15) days in advance of the date of the display. After such privilege shall have been granted, sales, possession, use and distribution of fireworks for such display shall be lawful for that purpose only. No permit granted hereunder shall be transferable.

Act of May 15, 1939, P.L. 134, § 2, as amended, 35 P.S. § 1272 (emphasis added). Narrow exceptions to the general prohibition against the sale of fireworks in Pennsylvania are set forth at Section 1275 of the fireworks law, which provides:

### § 1275. Sale for permitted uses; shipments to points outside state

*Nothing in this act shall be construed to prohibit any resident wholesaler, dealer or jobber to sell at wholesale such fireworks as are not herein prohibited, or the sale of any kind of fireworks, provided the same are to be shipped directly out of state,* or are to be used by a person holding a

permit from any municipality at the display covered by such permit, or when used as authorized by a permit for agricultural purposes in connection with the raising of crops and the protection of crops from bird and animal damage, or the use of fireworks by railroads or other transportation agencies for signal purposes or illumination, or when used in quarrying or for blasting or other industrial use, or the sale or use of blank cartridges for a show or theatre, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations or organizations composed of veterans of the United States Army or Navy.

Act of May 15, 1939, P.L. 134, § 4, as amended, 35 P.S. § 1275 (emphasis added).

These two provisions of the Pennsylvania Fireworks Law were interpreted and explained in an opinion authored by the Honorable Edward N. Cahn of the United States District Court for the Eastern District of Pennsylvania in the following manner:

Reading § 1272 in light of § 1275 persuades me that the phrases "offer for sale" or "expose for sale" include a "wholesale" transaction unless it comes within the exception delineated in § 1275. "Wholesale" sales of fireworks are prohibited by § 1272 unless they fall within the precise limits of the § 1275 exception. Section 1275 contains the only exceptions, namely, wholesale shipments destined for foreign states or made to licensed in-state fireworks professionals.

Section 1272's prohibition against "sell[ing] at retail" merely sets forth one of several types of prohibited activities. Section 1272 also makes it unlawful to offer fireworks for sale or to expose fireworks for sale without the qualification that those transactions be at retail. There is no reason to permit wholesale transactions of fireworks within a state where retail sales are not allowed.

*United States v. Spiezio*, 523 F.Supp. 264, 270 (E.D.Pa.1981). Thus, a person is precluded by law from making any retail sales of fireworks in Pennsylvania. Moreover, he can only sell

fireworks at wholesale so long as they are to be shipped directly out of state.

At trial, appellant proposed to call an expert witness who would have testified to the common meaning of the terms "wholesale" and "shipment" as applied to the business practices of other Erie County sellers of fireworks. In response to a Commonwealth motion in limine, however, the trial court ruled that such expert testimony would be irrelevant to establishing appellant's compliance with the fireworks law because, as a matter of law, the sale of fireworks to the two undercover deputies did not constitute a shipment of fireworks directly out of state. The trial court instructed the jury as follows:

> It is charged that the defendant unlawfully offered for sale without authorization or privilege under the laws of the Commonwealth certain items including fireworks and [ ] did intentionally sell fireworks, a Class C explosive identified as M–78 Magnum Firecrackers and Roman Candle sky rockets, to John W. Runkle and Darryl Braley, both residents of New York State, and did permit them to transport the same by means of a passenger vehicle.

> Now, what is necessary to prove this crime? In order to find the defendant guilty of this charge, you must find beyond a reasonable doubt the following elements existed:

> One, that the defendant sold fireworks, to-wit, Class C explosives, in this case M–78 Magnum Firecrackers and Roman Candle sky rockets to John Runkle and Darryl Braley, both of New York.

> Two, that these items were not shipped but rather taken by the police officer.

> If you find the above elements of the crime were committed by the defendant beyond a reasonable doubt, you need go no further, and you should return to the courtroom with your finding that the defendant was guilty. On the other hand, if the Commonwealth has not proven these elements beyond a reasonable doubt, you must find the defendant not guilty.

> I might add there is an exception. That if you find the defendant was a wholesaler and the goods were actually

shipped as opposed to just being taken by the police officers, there is an exception to this charge and the defendant cannot be found guilty. However, I will now instruct you as a matter of law that if you find the police officers were given the items and were allowed to take them to their car, this would not constitute shipping, and thus would not come within the exception under the statute to prevent a prosecution. Also, as a matter of law, I would instruct you that if the items were not shipped, it would make no difference whether the defendant was a wholesaler or a retailer.

Our research has disclosed no appellate decisions in this Commonwealth defining more specifically that which will constitute a shipment directly out of state under the Pennsylvania Fireworks Law. The courts in other jurisdictions having similar fireworks laws, however, have addressed this issue. In *Hill v. State*, 488 N.E.2d 709 (Ind.1986), the Supreme Court of Indiana interpreted that state's fireworks law in the following manner:

> The framework provided by the General Assembly seems plain enough. It manifests a desire to reduce the number of children and adults burned or injured by fireworks. The legislature has determined that certain fireworks are safe for retailing to the general public and that others are not. Dealers are allowed to sell all fireworks at wholesale and all fireworks may be shipped out of state. Appellants see in this scheme the proverbial loophole: the customer walks in the store, signs a statement that he intends to ship all illegal fireworks out of state, buys individual items, and drives away. Although Oakley was asked to show his drivers license to show that he was not an Indiana resident, if we accept the Hills' argument that they are exempted because the fireworks were to be "shipped directly out of state", the residence of the purchaser would be of little moment.

> *We conclude that reading the phrase "shipped directly out of state" as an exception to the rule that only certain listed fireworks can be sold at retail required that the term "shipped" be read to mean a method of delivery which does not result in the product being placed in general distribu-*

*tion within the state. It means that jobbers may sell crates of fireworks and ship them to Illinois; it does not mean that fireworks salesmen can have their customers sign a form and then hand them a paper bag of cherry bombs. Id.,* 488 N.E.2d at 710–711 (emphasis added).

In *Cornellier Fireworks Co., Ltd. v. St. Croix County,* 119 Wis.2d 44, 349 N.W.2d 721 (1984), the Court of Appeals of Wisconsin upheld the grant of a permanent injunction which precluded a fireworks company from making sales of fireworks within the state to non-residents who showed proper identification and signed a document agreeing to transport the fireworks out of Wisconsin. The Court interpreted Wisconsin's fireworks statute, which is very similar to Pennsylvania's statutory scheme, as follows:

Section 167.10(1), Stats., generally prohibits the sale or use of fireworks within the State of Wisconsin. Section 167.-10(2), Stats., provides for permits for certain groups to use fireworks in Wisconsin. Section 167.10(4), Stats., provides:

Nothing in this section shall be construed to prohibit any resident wholesaler, dealer or jobber from selling fireworks ... at wholesale, but only when the same are shipped or delivered directly outside of the state of Wisconsin or to an organization, agricultural producer or group granted a permit under sub. (2).

The trial court assumed Cornellier was a wholesaler, but concluded that the statute requires that the shipping or delivering be done by the wholesaler and not by a purchaser. It concluded that Cornellier's method was actually to deliver the fireworks at its store and that the purchaser's signed statement agreeing to transport the fireworks out of the state was a sham. We agree.

. . . .

Section 167.10 is designed to prevent injury by fireworks. *Fleury v. Wentorf,* 82 Wis.2d 105, 110, 262 N.W.2d 68, 70 (1978). It pursues its purpose by strictly regulating the sale and use of fireworks, although fireworks are not entirely banned from the state. Fireworks in Wisconsin may only

be sold to and used by specified groups or individuals eligible for permits. Sections 167.10(1) and (2), Stats. Those who can ˙obtain a permit must observe statutory requirements for storing and handling fireworks.

*Subsection (4), when read in the context of the purpose and scheme of sec. 167.10, does not provide an exception to the restriction on fireworks sale and use in Wisconsin. It simply clarifies the statute's prohibition as applying only to sales where transfer of possession from seller to purchaser takes place in Wisconsin. The statute prohibits selling fireworks in Wisconsin to nonpermit holders. Subsection (4) does not expressly exempt nonresidents from the prohibition and, since it would be inconsistent with the aim of sec. 167.10, we will not infer such an exemption.*

*Cornellier Fireworks Co., Ltd. v. St. Croix County, supra* 119 Wis.2d at 45–46, 349 N.W.2d at 722–723 (emphasis added). See also and compare: *Pizza v. Sunset Fireworks Co., Inc.,* 25 Ohio St.3d 1, 494 N.E.2d 1115 (1986); *Van Camp v. Riley,* 16 Ohio App.3d 457, 476 N.E.2d 1078 (1984). But see: *South Dakota Department of Public Safety v. Haddenham,* 339 N.W.2d 786 (S.D.1983).

After careful study of the provisions of the Pennsylvania Fireworks Law and of decisions in other jurisdictions interpreting similar statutory provisions, we hold that the phrase "shipped directly out of state" requires that the fireworks which are being sold by a Pennsylvania wholesaler must be shipped from Pennsylvania by the wholesaler to a destination outside Pennsylvania. It does not include the delivery of fireworks within Pennsylvania by a Pennsylvania seller to a non-resident purchaser. Therefore, we agree with the following interpretation adopted by the trial court:

'[S]imply delivering the fireworks to someone else for transportation does not constitute the shipping of fireworks directly out of state. Shipping as noted previously is a term of art that obviously requires more than a taking of the goods from the premises by the buyer.'

Trial Court Opinion at p. 3, quoting *Commonwealth v. Kalisz-ewski*, No. 2210 of 1989, Erie County Court of Common Pleas (Opinion by Connelly, J.).

The fireworks law was adopted by the legislature to prohibit the sale of fireworks in Pennsylvania, except to those possessing a valid permit therefor. To allow a resident wholesaler to sell fireworks to non-residents within Pennsylvania would not achieve the legislative purpose. The non-resident purchaser could easily give or resell the purchased fireworks to Pennsylvania residents and, thus, defeat the clear intent of the legislature. Such a result would be absurd. Therefore, we hold that the phrase "shipped directly out of state" requires that a Pennsylvania wholesaler ensure the delivery of fireworks, which have been sold, to an out-of-state destination by the shipment of such goods from Pennsylvania to the out-of-state destination. The mere selling of fireworks to a non-resident fails to comply with the Pennsylvania law and, in fact, is a violation thereof.

The judgment of sentence is affirmed.