STATE of Wisconsin, Plaintiff-Appellant,

v.

BLOCK IRON & SUPPLY COMPANY, INC., a domestic
corporation, and Other Persons Unknown, All
Partners, Doing Business Under the Name and Style
of Sadoff & Rudoy Industries, a Wisconsin general
partnership, Defendants-Respondents.

Court of Appeals

*No. 93–0222. Oral argument July 29, 1993.—Decided March
30, 1994.*

(Also reported in 515 N.W.2d 332.)

359

On behalf of the plaintiff-appellant, there were briefs by *James E. Doyle*, attorney general, and *Jeffrey M. Gabrysiak*, assistant attorney general. There was oral argument by *Jeffrey M. Gabrysiak*.

On behalf of the defendants-respondents, there was a brief by *John A. Rothstein* and *Thomas P. McElligott* of *Quarles & Brady* of Milwaukee. There was oral argument by *Thomas P. McElligott*.

Before Brown, Nettesheim and Snyder, JJ.

SNYDER, J. The question presented in this case is whether the State may seek civil forfeitures under § 147.21, STATS., from a business after issuing an administrative order pursuant to § 144.76(7)(c), STATS., requiring the business to remediate pollution it caused. Sadoff & Rudoy Industries contends that § 144.76(11)(b), which prohibits the State from imposing more than one penalty for an illegal discharge, bars the State's action for civil forfeitures because the State previously imposed a penalty by requiring Sadoff & Rudoy to clean up the pollution at considerable expense. We disagree with Sadoff & Rudoy's interpretation of the statutes.

We hold that an administrative clean-up order does not constitute a "penalty" as that term is used in § 144.76(11)(b), STATS., and that the penalty for a violation of § 144.76 is the monetary penalty set forth by reference in § 144.99, STATS. Therefore, we conclude that the State is not precluded from seeking monetary penalties for the alleged violations and, according to § 144.76(11)(b), may impose either the penalty under § 144.76 or the penalty under any other applicable statute. Accordingly, we reverse the trial court's order for

361

summary judgment dismissing the State's complaint and remand for further proceedings.

## FACTS

The relevant facts for purposes of summary judgment are undisputed. Sadoff & Rudoy operates a scrap metal processing facility adjacent to the Fond du Lac River in the City of Fond du Lac. As part of its auto salvage business, Sadoff & Rudoy uses a twin shears metal cutter outdoors on its property. Through normal operations, oil from the machine is discharged onto the machine and falls to the ground below. Some of the oil is collected by a concrete enclosure and sump at the base of the machine. During certain periods of rain, oil from the machine is picked up by surface storm water and carried into the Fond du Lac River via the storm sewer located on Sadoff & Rudoy's property.

On four occasions in January and February of 1990, Department of Natural Resources employees observed oil from the machine enter the Fond du Lac River through Sadoff & Rudoy's storm sewer. On December 7, 1990, the DNR issued an administrative order under the hazardous substance spills statute, § 144.76, STATS., requiring Sadoff & Rudoy to hire a consultant to investigate and report to the DNR on the nature and extent of the contamination at the property. The order also required Sadoff & Rudoy to remediate any soil or groundwater pollution discovered by the investigation. Sadoff & Rudoy incurred expenses in excess of $94,000 in its efforts to comply with the DNR's order.

On January 10, 1992, the State filed a complaint in circuit court seeking penalties and injunctive relief under ch. 147, STATS., the pollution discharge elimination law. Sadoff & Rudoy moved for summary

judgment on the basis that the State was precluded by § 144.76(11)(b), STATS., from seeking additional penalties under a different statute where both actions were predicated on the same pollution event. The court granted summary judgment in favor of Sadoff & Rudoy, concluding that the State could not sustain a cause of action for penalties under § 147.21, STATS., after having already proceeded under § 144.76(7)(c). The State appeals.

## STANDARD OF REVIEW

When reviewing a grant of summary judgment, we apply the standards set forth in § 802.08, STATS., in the same manner as the trial court without deference to its conclusions. *Hake v. Zimmerlee*, 178 Wis. 2d 417, 420-21, 504 N.W.2d 411, 412 (Ct. App. 1993). The parties agree that there are no material facts in dispute. Therefore, summary judgment must be granted if Sadoff & Rudoy is entitled to judgment as a matter of law. *See State v. Rollfink*, 162 Wis. 2d 121, 134, 475 N.W.2d 575, 580 (1991). Whether it is so entitled turns upon the interpretation of § 144.76, STATS., and other relevant statutes. The construction of a statute and its application to a particular set of facts are questions of law that we review without deference to the trial court's conclusions. *Hake*, 178 Wis. 2d at 421, 504 N.W.2d at 412.

## APPLICATION OF § 144.76, STATS.

We begin our analysis by examining the relevant statutes. Section 144.76, STATS., the hazardous substance spills law, is part of ch. 144, STATS., which regulates water, sewage, refuse, mining, oil and gas, and air pollution. *See generally* ch. 144. Section

363

144.76(3) describes the duty imposed on those who discharge any hazardous substance:

> RESPONSIBILITY. A person who possesses or controls a hazardous substance which is discharged or who causes the discharge of a hazardous substance shall take the actions necessary to restore the environment to the extent practicable and minimize the harmful effects from the discharge to the air, lands or waters of this state.

Section 144.76(7)(c) grants the DNR the power to enforce § 144.76(3).[1]

With a few exceptions, § 144.99, STATS., sets forth the penalties for any violation of ch. 144, STATS.:

> **Penalties.** Any person who violates this chapter . . . or any rule promulgated or any plan approval, license or special order issued under this chapter . . . shall forfeit not less than $10 nor more than $5,000, for each violation. Each day of continued violation is a separate offense. While the order is suspended, stayed or enjoined, this penalty does not accrue.

However, § 144.76(11)(b), STATS., limits enforcement of penalties for violations of § 144.76 as follows:

> Any person who discharges a hazardous substance, where the responsibilities for such a discharge are prescribed by statute . . . *shall be subject to the penalty under either this section or the other section but not both.* [Emphasis added.]

---

[1] Section 144.76(7)(c), STATS., states:

The department, for the protection of public health, safety or welfare, may issue an emergency order or a special order to the person possessing, controlling or responsible for the discharge of hazardous substances to fulfill the duty imposed by sub. (3).

The term "penalty" referred to in § 144.76(11)(b) is not specifically defined.

Sadoff & Rudoy argues that the term "penalty" as used in § 144.76(11)(b), STATS., refers to the costs and expenses associated with a DNR's clean-up order issued pursuant to § 144.76(3) and (7)(c). Therefore, Sadoff & Rudoy asserts that because it already incurred a penalty by complying with the DNR's order at a cost of over $94,000, the prohibition against double penalties in § 144.76(11)(b) precludes the State from imposing civil forfeitures for the same incident which served as the basis for the clean-up order. The State argues that the requirement to clean up the spill pursuant to an administrative order constitutes remediation, not a penalty, and that the penalty for a violation of § 144.76 is clearly defined in § 144.99, STATS.

We conclude that § 144.76(11)(b), STATS., is ambiguous because reasonable minds could differ over whether an administrative clean-up order constitutes the penalty for violating § 144.76 and whether the remedies in § 144.76 and § 147.21, STATS., are mutually exclusive. *See R.W.S. v. State,* 162 Wis. 2d 862, 870, 471 N.W.2d 16, 19 (1991). When a statute is ambiguous, we will examine the scope, subject matter and object of the statute in order to determine the legislature's intent behind the statute. *Id.* at 871, 471 N.W.2d at 19. In construing § 144.76(11)(b), the entire section and related sections are to be considered. *See id.* When multiple statutes are contained in the same chapter and assist in implementing the chapter's goals and policy, the statutes should be read together and harmonized if possible. *Id.*

With these principles in mind, we hold that the penalty for a violation of § 144.76, STATS., is the monetary penalty in § 144.99, STATS. Therefore, the State is not precluded by § 144.76(11)(b) from seeking monetary penalties in this case in addition to requiring Sadoff & Rudoy to remediate any pollution it caused.

Sadoff & Rudoy argues that the plain meaning of the term "penalty" is broad enough to include the burden and costs of complying with an administrative clean-up order. We disagree. When construing a statute we give the words their common and ordinary meaning which may be established by their definition in a recognized dictionary. *Enpro Assessment Corp. v. Enpro Plus, Inc.*, 171 Wis. 2d 542, 546, 492 N.W.2d 325, 326-27 (Ct. App. 1992). WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1668 (unabr. 1976) defines "penalty" as "punishment for crime or offense." Section 144.76(3), STATS., referred to as a penalty by Sadoff & Rudoy, is entitled "Responsibility" and requires a violator to "take the actions necessary to restore the environment to the extent practicable." We agree with the State that the "responsibility" to clean up a discharge of hazardous waste pursuant to an administrative order constitutes remediation, not punishment for an offense.

Further, § 144.99, STATS., which is specifically entitled "Penalties," applies on its face to § 144.76, STATS. That statute states that "[a]ny person who violates [ch. 144], except ss. 144.30 to 144.426, 144.48(4)(b), 144.941 to 144.944 and 144.96(1) . . ." is subject to monetary penalties. Section 144.99. Therefore, the penalties are incorporated by reference into § 144.76 and any other section not specifically exempted. Since the legislature

exempted certain sections from the penalties but did not exempt § 144.76, it must have intended § 144.99 to apply to violations of § 144.76. *See* 2A NORMAN J. SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 47.11 (rev. 5th ed. 1992) (stating that "exceptions make it clear that statutes in which they appear should apply to all persons or situations not excepted").

Sadoff & Rudoy also points to the use of the term "penalty" in § 144.76(9), STATS., to argue that it was meant to include the cost of complying with an administrative clean-up order. Section 144.76(9) exempts permit holders, law enforcement officers, fire fighters and farmers from the "penalty" requirements of § 144.76.[2] Sadoff & Rudoy contends that if the penalty for a violation of § 144.76 is the monetary forfeitures in § 144.99, STATS., those persons exempted by § 144.76(9) could still be held liable for clean-up costs. It argues that the legislature could not have intended such a result. We disagree.

---

[2] Section 144.76(9), STATS., 1991-92, states:

EXEMPTIONS. (a) Any person holding a valid permit under ch. 147 is exempted from the reporting and penalty requirements of this section with respect to substances discharged within the limits authorized by the permit.

(b) Law enforcement officers or members of a fire department using hazardous substances in carrying out their responsibility to protect public health, safety and welfare are exempted from the penalty requirements of this section, but shall report to the department any discharges of a hazardous substance occurring within the performance of their duties.

(c) Any person discharging in conformity with a permit or program approved under this chapter is exempted from the reporting and penalty requirements of this section.

(d) Any person applying a registered pesticide according to the label instructions is exempted with respect to the application from the reporting and penalty requirements of this section.

We find no inherent inconsistency in exempting certain persons from the reporting or penalty provisions of § 144.76, STATS., but not the responsibility to clean up any pollution. For example, the State may find it reasonable to grant a business a permit to discharge small amounts of contaminants into the air or water in the course of its normal operations. However, after a period of years it may be determined that the contamination caused a serious threat to the soil or groundwater nearby. Because such pollution occurred under a permit, the State could not seek monetary penalties. However, it would be unreasonable and contrary to the purpose of the statute for the State to be prevented from requiring the business to remediate the pollution it caused.

Sadoff & Rudoy next argues that sound public policy dictates that persons who comply with clean-up orders should not be subject to subsequent monetary penalties. According to Sadoff & Rudoy, such a policy would create strong incentives for persons to forego fights with the DNR, resulting in the expedient clean up of any hazardous discharge. It contends that by enacting § 144.76(11)(b), STATS., the legislature "determined that, in certain cases, cleaning up the release of hazardous substances is more important than attempting to enrich the public coffers." We cannot accept this characterization.

We interpret statutes in light of their purpose. *State v. Mauthe*, 123 Wis. 2d 288, 299, 366 N.W.2d 871, 877 (1985). "The purpose of sec. 144.76, STATS., is to prevent, minimize, and, if necessary, abate and remedy contamination of this state's environment and the resultant risks to human health caused by discharges

of hazardous substances." *Id.* The existence of potential monetary penalties in addition to the duty to clean up the pollution and return the environment to its pre-pollution condition acts as a deterrent to the creation of the pollution. The existence of punishment as a deterrent furthers the prevention goal of the statute, while the clean-up requirement furthers the abatement and remedial goals. We fail to see how Sadoff & Rudoy's interpretation—that the State must choose either remediation or monetary penalties—furthers all of the purposes of the statute.

## APPLICATION OF CH. 147, STATS.

Having determined that the penalty for a violation of § 144.76, STATS., is the monetary penalty set forth in § 144.99, STATS., we must next determine whether the State may seek penalties under § 147.21, STATS., in lieu of the § 144.99 penalty. Here, the State brought a civil action to enforce the provisions of ch. 147, STATS., which in part regulates the discharge of pollutants into the waters of Wisconsin, after having already issued an administrative clean-up order under § 144.76, the hazardous spills law. The trial court concluded that the State could not use ch. 147 when it previously applied ch. 144, STATS., because the same penalties could be arrived at by using ch. 144.[3]

---

[3] We note that the trial court also recognized that the penalties under § 144.99, STATS., could apply in addition to an administrative clean-up order:

> I do not necessarily agree with the movant for this motion for summary judgment, that no penalties can be applied. I think if you read the plain meaning of the statutes, it evidently makes it possible under 144.99, and unless that's a nullity when compared to 144.76.

369

We disagree with the trial court's conclusion and Sadoff & Rudoy's assertion that § 144.76, STATS., and ch. 147, STATS., are mutually exclusive. Such an interpretation ignores both the language of § 144.76(11)(b) and the fact that a hazardous discharge may implicate more than one regulatory statute. Section 144.76(11)(b) states that any person who discharges a hazardous substance where the responsibility for such a discharge is prescribed by a *statute* shall be subject to the penalty under either § 144.76 (the monetary penalties set forth in § 144.99, STATS.) *or the other section, but not both.* Therefore, the election is between the penalties under § 144.76 and the penalties under any other statute which may prohibit the discharge, not between a clean-up order and monetary penalties as Sadoff & Rudoy would have us hold.

Here, the State did not seek double penalties as prohibited by § 144.76(11)(b), STATS. The State could have imposed the penalties under § 144.76, set forth by reference in § 144.99, STATS. Instead, the State sought to impose the penalties under § 147.21, STATS. The facts as alleged in the complaint, if proven, establish a violation of ch. 147, STATS. Therefore, the trial court erred in granting summary judgment to Sadoff & Rudoy dismissing the State's complaint.

Underlying Sadoff & Rudoy's entire argument is its contention that a statutory scheme which allows the DNR to unilaterally impose administrative clean-up orders and then seek monetary forfeitures at its discretion gives the DNR too much power. While this is a legitimate concern, it should be addressed to the legislature. The court of appeals is primarily an error-correcting court, not a legislative body. *Schanke v. Wis-*

370

*consin County Mut. Ins. Corp.*, 177 Wis. 2d 746, 754, 502 N.W.2d 866, 869 (Ct. App. 1993).[4]

In sum, we conclude that the penalty for a violation of § 144.76, STATS., is the monetary penalty described in § 144.99, STATS., and that a clean-up order does not constitute a penalty as that term is used in § 144.76(11)(b). Because § 144.76(11)(b) allows the State to seek the penalty under § 144.76 or another statute, but not both, the State's action under ch. 147, STATS., is not prohibited. Accordingly, we reverse the summary judgment dismissing the State's action and remand for further proceedings.

*By the Court.*—Order reversed and cause remanded.

[4] The wisdom of the DNR's decision to seek a forfeiture penalty in light of the substantial expenses incurred by Sadoff & Rudoy in complying with the clean-up order might be questioned. However, as our decision explains, such action is not prohibited as a matter of law. We do observe, however, that the clean-up expenses may well be a factor which the circuit court should consider when imposing an appropriate forfeiture penalty.