STATE of Wisconsin, Plaintiff-Appellant,

v.

VICTORY FIREWORKS, INC., Defendant-Respondent.†

Court of Appeals

*Nos. 99–0243–CR, 99–0244–CR, 99–0245–CR, 99–0246–CR, 99–0247–CR, 99–0248–CR, 99–0249–CR, 99–0250–CR, 99–0251–CR. Submitted on briefs July 15, 1999.—Decided September 30, 1999.*

(Also reported in 602 N.W.2d 128.)

†Petition to review denied.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Kenneth L. Kutz* of Siren.

On behalf of the defendant-respondent, the cause was submitted on the brief of *T. Gregory Amann* of Ellsworth.

Before Cane, C.J., Hoover, P.J., and Gordon Myse, Reserve Judge.

MYSE, R.J. The State of Wisconsin appeals an order dismissing two complaints charging Victory Fireworks, Inc., with multiple counts of violating § 167.10, STATS., which restricts the sale of fireworks. The State contends that the circuit court erred when it concluded that § 167.10(4) allows Victory to sell proscribed fire-

works to nonresidents within state boundaries. Because we conclude that § 167.10(4) does not authorize the sale of restricted fireworks to nonresidents within this state, the order is reversed.[1]

The facts giving rise to this appeal are essentially undisputed. Victory sold fireworks, restricted under § 167.10(1), STATS., to nonresidents within the boundaries of the State of Wisconsin. A sales clerk would request proof of residence and, after verifying the prospective purchasers were not Wisconsin residents, have them sign a document entitled, "Out of State Fireworks Purchase Contract and Straight Bill of Lading." This document claimed, among others things, that the title to the fireworks would pass only after the purchased items reached "a destination outside the State of Wisconsin." Purchasers were thereafter allowed to buy whatever restricted fireworks they desired. The fireworks would be packaged in a sealed bag or box with a label reflecting, among other things, that it was illegal to open and use the fireworks in the State of Wisconsin.

The circuit court dismissed the multiple charges against Victory based upon its conclusion that § 167.10(4), STATS., permitted the sale of restricted fireworks to nonresidents within Wisconsin's boundaries.

Section 167.10, STATS., entitled "Regulation of fireworks," provides, in relevant part:

> (2) SALE. No person may sell or possess with intent to sell fireworks, except [persons holding appropriate permits and others not relevant here] . . . .
>
> (4) OUT-OF-STATE AND IN-STATE SHIPPING. This section does not prohibit a resident wholesaler or

---

[1] Pursuant to this court's July 20, 1999, order this case is being decided by a 3-judge panel.

jobber from selling fireworks to a person outside of this state or to a person or group granted a permit under sub. (3) (c) 1. to 7. A resident wholesaler or jobber that ships the fireworks sold under this subsection shall package and ship the fireworks in accordance with applicable state and federal law by, as defined in s. 194.01 (1), (2) and (11), common motor carrier, contract motor carrier or private motor carrier.

Victory does not claim that it sold restricted fireworks to valid permit holders or any other authorized purchaser under § 167.10(2), STATS. Rather, it contends that the statutory language of subsection (4) provides an exception to the general restriction on sales under subsection (2). Specifically, Victory contends that subsection (4) allows the sale of restricted fireworks within the boundaries of Wisconsin as long as the sales are to nonresidents. Victory contends that it only sold restricted fireworks to nonresidents and properly packaged the fireworks pursuant to its sale contract, thereby conforming to the statute.

The State responds that the plain and unambiguous statutory language prohibits the sale of restricted fireworks within the state to any individual not expressly prohibited under § 167.10(2), STATS. Further, the language regarding sales to "a person outside of this state" is not synonymous with a "nonresident."

The sole issue before us is whether § 167.10(4), STATS., authorizes the sale of fireworks to nonresidents within this state's boundaries. The construction of a statute and its application to a particular set of facts are questions of law that we review without deference to the circuit court's conclusions. *See State v. Block Iron & Supply Co.*, 183 Wis. 2d 357, 363, 515 N.W.2d 332,

334 (Ct. App. 1994). The goal of statutory construction is to ascertain legislative intent, and to do so, we first examine the statute's plain meaning. *See Truttschel v. Martin*, 208 Wis. 2d 361, 365, 560 N.W.2d 315, 317 (Ct. App. 1997). If the statute's meaning is plain on its face, our inquiry ends, and we will apply it to the facts of the case. *See id.*

We conclude that the language in § 167.10(4), STATS., regarding sales to "a person outside of this state" means exactly what it provides: that the purchaser must be outside of the boundaries of Wisconsin. Had the legislature desired to permit the sale of restricted fireworks to nonresidents within this state it could have used the term "nonresident," a term that is utilized in other statutes with great frequency. Significantly, the legislature used the term "resident" in subsection (4) to refer to the regulated sellers; there is no apparent reason that the legislature would not have used the term "nonresident" had that term embodied the its intent.

On the contrary, the legislature intentionally chose to only permit sales to purchasers who were physically outside of this state's boundaries. Section 167.10(4), STATS., is entitled "OUT-OF-STATE AND IN-STATE SHIPPING" and identifies the requirements for shipping fireworks sold to authorized purchasers. Subsection (4)'s reference to purchasers outside of this state merely acknowledges that subsection (2) does not prohibit the sale of restricted fireworks to persons outside of this state. Therefore, subsection (4) is not an exception to the general prohibition on fireworks sales in this state, but instead merely identifies the shipping requirements for permissible purchasers.

We agree with the State that Victory's position does not give effect to the clear statutory language. Victory also contends that the statutory requirements for shipping fireworks supports its argument because it claims that its customers fit the statutory definitions as appropriate carriers. However, we need not consider whether Victory's customers could be considered appropriate carriers of restricted fireworks because this issue does not affect the legality of the *sale*. It is Victory's illegal sale of restricted fireworks, not its shipping practices, that gives rise to the instant forfeiture action.

Victory further contends that the Uniform Commercial Code permits the parties to agree on the time and manner in which title to the fireworks passes. *See* § 402.401, STATS. Under the purchase contract required by Victory, the title to the fireworks passes only when it reaches its out-of-state destination. Therefore, according to Victory's interpretation of the U.C.C., it has not conducted a "sale" within the state's boundaries. However, without discussing the passage of title, the reality remains that Victory gave physical possession of restricted fireworks to individuals within the boundaries of this state. It is the harm caused by possessing restricted fireworks in this state that the legislature seeks to control by restricting the sales of certain fireworks in this state.

Furthermore, the U.C.C.'s own limiting provisions provide that the U.C.C. does not "impair" any other statutes regulating sales.[2] We have already concluded that § 167.10, STATS., specifically regulates the sale of

---

[2] Section 402.102, STATS., of the U.C.C. states, in relevant part, that the U.C.C. does not "impair or repeal any statute regulating sales to consumers . . . or other specified classes of buyers."

fireworks within this state for the purpose of controlling the possession of fireworks within this state. If we interpreted the U.C.C. as allowing Victory to manipulate its point of sale by defining the passage of title to only occur after a purchaser leaves this state's boundaries, the U.C.C. would significantly impair the express intent of § 167.10. Neither the U.C.C. provisions nor Victory's purchase contract may impair that section's mandate.

We therefore hold that the language of § 167.10(4), STATS., clearly indicates that Victory acted illegally in selling restricted fireworks to nonresidents within this state. Even if we were to look beyond the plain language of the statute itself, however, there is additional evidence that the legislature intended to preclude sales within this state except under the circumstances enumerated under subsection (2).

Generally, we presume that the legislature acts with full knowledge of existing statutes and how the courts have interpreted these statutes. *See C.L. v. Edson,* 140 Wis. 2d 168, 181, 409 N.W.2d 417, 421 (Ct. App. 1987). Moreover, "[w]here the legislature has made amendments to the statutory section in question and has not corrected the court's interpretation, the presumption of adoption or ratification is strengthened." *York v. National Continental Ins. Co.,* 158 Wis. 2d 486, 497, 463 N.W.2d 364, 369 (Ct. App. 1990). This court came to the identical conclusion when it interpreted the 1981–82 version[3] of the current statute in *Cornellier Fireworks Co. v. St. Croix County,* 119 Wis.

---

[3] Section 167.10(4), STATS., 1981–82, provides: "Nothing in this section shall be construed to prohibit any resident wholesaler, dealer or jobber from selling fireworks . . . at wholesale, but only when the same are shipped or delivered directly outside of the state of Wisconsin . . . ."

2d 44, 349 N.W.2d 721 (Ct. App. 1984). In that case, we stated:

> Subsection (4), when read in the context of the purpose and scheme of sec. 167.10, does not provide an exception to the restriction on fireworks sale and use in Wisconsin. It simply clarifies the *statute's prohibition as applying only to sales where transfer of possession from seller to purchaser takes place in Wisconsin.* The statute prohibits selling fireworks in Wisconsin to nonpermit holders. Subsection (4) does not expressly exempt nonresidents from the prohibition and, since it would be inconsistent with the aim of sec. 167.10, we will not infer such an exemption.

*Id.* at 46–47, 349 N.W.2d at 723 (emphasis added). Although some of the statutory language at issue in *Cornellier* differs from today's section,[4] we conclude that the differences do not indicate a change in the legislature's intent to limit purchasers to outside this state's boundaries.

The obvious legislative intent of § 167.10, STATS., is to restrict the possession and use of dangerous fireworks in the state of Wisconsin. The statute seeks to avoid injuries from dangerous fireworks to persons within this state without regard to residency. Allowing nonresidents to purchase restricted fireworks in this state would necessarily involve possession of restricted

---

[4] The relevant language of the current version of § 167.10(4), STATS., requires that the sale be to "a person outside of this state," while § 167.10(4), STATS., 1981–82, requires that the fireworks be "shipped or delivered directly outside of the state . . . ." The current version also differs in that it does not require the out-of-state purchaser to be a wholesaler. The legislature's intent in both versions, however, is manifested by the use of language referring to the boundaries of the state.

fireworks in this state and would therefore be inconsistent with the legislature's intent.

Moreover, the legislative scheme also indicates that § 167.10(4), was not intended to be a broad exception to the general prohibition on sales because that subsection addresses shipping requirements. The restriction on sales in subsection (2) identifies which sales are permitted while the shipping requirements identified in subsection (4) deal with how permitted sales must be shipped. It is inconsistent with the statutory scheme to find a large exception to the general prohibition on the sale of fireworks in this state in the subsection regulating shipping.

Based on our conclusion that the clear language of § 167.10(4), STATS., permits an individual to buy restricted fireworks within the state only where that person possesses a permit, or under the other identified exceptions enumerated in § 167.10(2), the order dismissing the complaints is reversed and the matter is remanded to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.